No. 1506.—John D. Champlin and others v. W. G. Bakewell and Ann B. Gordon, Executors of Alexander Gordon, deceased.

The act of the Legislature of 1853, page 190, and the subsequent acts of 1855 and 1865, making the Second District Court of New Orleans exclusively a probate court, and requiring all successions to be opened therein, does not divest the other District Courts of New Orleans of jurisdiction in succession cases pending in these courts at the date of the passage of the law. In such cases the jurisdiction of the court where the succession was opened is complete and exclusive until the final termination of all disputes involved in the settlement of the succession.  20 An. p. 466.

A judgment rendered by the Second District Court of the parish of Orleans, in a controversy wherein the Fifth District Court of the parish of Orleans has exclusive jurisdiction, is null and void, and the nullity will be so declared on appeal.

APPEAL from the Second District Court of New Orleans.  *Buchanan, J.  C. T. Bemiss*, for plaintiffs and appellees.   *C. M. Conrad & Son*, for defendants and appellants.

Wyly, J.   This suit against the succession of Alexander Gordon was instituted in the Second District Court of New Orleans in May, 1866, to recover a certain draft and a sum of money paid on the agreement of W. G. Bakewell, the executor, to sell the plaintiffs the Mexican Gulf Railroad and the property belonging to said succession, which said

45

agreement was never carried into effect by the legal transfer of the titles of said property.

The executors of Alexander Gordon excepted to the suit on the ground that the Second District Court was without jurisdiction *ratione materiæ*, the succession having been opened in the Fifth District Court of New Orleans, which alone had jurisdiction of the case.

The exception was overruled, and the case decided in favor of the plaintiffs. The defendants have appealed. The question of jurisdiction must first be considered.

If the judgment was rendered by a court without jurisdiction it must be annulled.

The succession of Alexander Gordon was opened in the Fifth District Court of New Orleans in 1848. That court alone had jurisdiction at the time this suit was filed in the Second District Court, unless the jurisdiction of said succession had been transferred to the latter court by the acts of 1853, 1855 and 1865, creating it a strictly probate court for the parish of Orleans.

In the case of the State of Louisiana on the relation of W. G. Bakewell, executor, and Ann B. Gordon, executrix of Alexander Gordon, *v.* the Judge of the Second District Court, 20 A. 466, this question of jurisdiction was determined. The court decided that the several acts referred to, making the Second District Court strictly a probate court, did not divest the other district courts of the parish of Orleans of their jurisdiction over the successions already pending before them; and that the jurisdiction of the succession of Alexander Gordon and of this cause did not belong to the Second District Court, but to the Fifth District Court. The writ of prohibition was made perpetual, restraining the Judge of the Second District Court from proceeding further in the matter of said succession and in the suit now under consideration, which was then pending before the court on appeal.

Plaintiffs contend that since this appeal has been pending a law has been passed conferring the jurisdiction of this case on the Second District Court of the parish of Orleans, and therefore, under the circumstances, it would be a useless proceeding to avoid the judgment on the ground that the court which rendered it was then without jurisdiction.

It is quite immaterial what court is now invested with the jurisdiction of the case; the validity of the judgment must be determined by the jurisdiction of the court at the time it was rendered.

The Second District Court, as has been decided, had no jurisdiction at the time the case was tried, and the exception was improperly overruled. C. P. 164, 924, 986; 14 A. 333, 409.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is now ordered that this suit be dismissed without prejudice to plaintiffs' right to sue the succession of Alexander Gordon in the court now having legal jurisdiction thereof.

It is further ordered that plaintiffs pay costs in both courts.