# Broslin v. Kansas City, Memphis & Birmingham Railroad Co.

*Action against a Railroad Company to recover Damages for Personal Injuries.*

1. *Action against railroad company; master and servant; insufficient complaint.*—In an action against a railroad company to recover damages for personal injuries, a count in the complaint which alleges that plaintiff was in the employment of a coal company which shipped coal on defendant's road, that it was his duty to go on defendant's cars when being switched on a side track, and to apply the brakes so as to stop them in a proper place for loading, and that while engaged

[Broslin v. Kansas City, Memphis & Birmingham R. R. Co.]

in such duty he was injured by reason of a defective brake, but which fails to allege any contractual relations between plaintiff and defendant, or that defendant knew of such duty of plaintiff in his employment, or that either defendant or its servants had knowledge of plaintiff's presence on the car, is insufficient and demurrable, in that there is nothing alleged therein imposing a duty upon defendant or its employé to treat the plaintiff otherwise than as a trespasser.

2. *Pleading and practice; insufficiency of ground of demurrer.*—It is error to sustain a demurrer to a complaint upon grounds which are not well taken, notwithstanding the complaint may have been subject to other grounds of demurrer.

3. *Employers' Liability Act; sufficiency of complaint for damages.*—In an action for damages because of injuries received by an employé on account of defective appliances in defendant's works, &c., the complaint need not negative defendant's knowledge of the defects, nor that the plaintiff, if he knew of them, notified the defendant; such facts being matter of defense.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This suit was brought by the appellant, Thomas H. Broslin, against the appellee, the Kansas City, Memphis & Birmingham Railroad Company; and sought to recover damages for personal injuries.

The complaint as originally filed contained three counts; but the complaint was afterwards amended by filing additional counts numbered 4, 5, 6 and 7.

The first count of the complaint alleges that the defendant, the Kansas City, Memphis & Birmingham Railroad Company, a body corporate on June 14, 1894, operated a railroad from Birmingham, Jefferson county, to Memphis, Tennessee, a part of defendant's business being transporting coal for hire for the Turner Coal Company, a body corporate, from Palos, a point on defendant's railroad. That on June 14, 1894, plaintiff was in the employ of the Turner Coal Company. Defendant, on said day, in conducting its said business of transporting coal, did switch its "empties" and coal cars from its main line of railroad upon a spur or sidetrack of defendant's running and about three hundred feet beyond the "tipple," used for loading coal cars with coal at or near the mines of the Turner Coal Company. It was plaintiff's duty to be and remain upon said empties and coal cars while they were being switched for loading from the main line to the side-track, and it

was plaintiff's further duty to apply the brakes on said empties and coal cars and stop them under the tipple, where they were loaded with coal. That on said day, while plaintiff was in the discharge of his duty upon the defendant's cars, being switched as aforesaid, plaintiff applied the brakes, as was his duty to do, to stop said cars at the tipple ; that the brake plaintiff attempted to turn was. defective, and instead of stopping the cars, hurled plaintiff from the car upon the track, and the wheels of the car passed over plaintiff's right leg, whereby he lost his said leg, &c. ; and that plaintiff's injuries were caused by the negligence of defendant having and using a defective brake.

The second, third and seventh counts are substantially the same in their allegations as is the first.

The fourth count of the complaint avers the same facts as the first count in regard to defendant's business and plaintiff's employment, and in addition avers it was plaintiff's duty to be and remain, with the knowledge and consent of defendant, upon the empties or coal cars while they were being switched for loading to and from its main line to and upon said spur or side-track, and it was his duty to apply the brakes on said empties, causing them to stop at or near the tipple, for the purpose of loading them ; that while in the discharge of his duty as aforesaid, on said June 14, 1894, he applied the brakes and attempted to stop the cars at or near said tipple, when said brake gave way and hurled plaintiff on the track, and the wheels of one of the cars passed over him crushing his right leg, &c., to his damage, &c. Plaintiff avers that his injuries were caused by the negligence and carelessness of the agents and servants of defendant in charge and control of said train, engine and cars, in running or switching the said car with the defective brake onto the spur or side-track attached to a car upon which plaintiff was when the defendant's agents well knew and were informed that said brake was defective before attaching it to the car plaintiff was on, and switching it, as aforesald.

It is unnecessary to set out the allegations of the 5 and 6 counts. The defendant demurred to the 1, 2 and 3 and 7 counts upon the following grounds : (1.) There are no allegations in said complaint which aver with sufficient certainty the violation by the defendant of any

duty which it owed plaintiff in the premises. (2.)
There are no facts alleged in said complaint which show
that the defendant owed the plaintiff any duty in the
premises which it violated. These demurrers were sus-
tained. To the 4 and 5 counts the defendant demurred
upon the ground, that there are no allegations in said
count that the plaintiff did not know of the defect in the
brake, or that he gave information, if he knew it, as re-
quired by section 2590 of the Code. The court sustained
all of these demurrers, to which rulings defendant
separately excepted; and the plaintiff declining to
plead further, judgment was rendered for the defendant.
The plaintiff appeals, and assigns as error the rulings of
the court upon the pleadings, to which exceptions were
reserved.

J. J. ALTMAN and WADE & VAUGHAN, for appellant.—
The court erred in sustaining the demurrers to the
complaint, and to each count thereof. ''The general
rule is that the party injuring another by a wrongful
act is liable for all the direct injury consequent thereto,
although it may not have been contemplated as the di-
rect result.''—A. G. S. R. R. Co. v. Yarbrough, 63 Ala.
241. Each of the counts of the complaint sets forth a
substantial cause of action. The plaintiff could have
sued either the Turner Coal Company or the defendant
in this case. A very similar case to this is the case of
C. B. & Q. R. Co. v. Clark, 38 Amer. & Eng. R. R. Cas.
192; C. & N. W. R. R. Co. v. Dunleavy, 39 Amer. &
Eng. R. R. Cases 392; Spaulding v. Granite Co., 34 N.
E. Rep. 1134.

WALKER, PORTER & WALKER, contra.—There was no
error in sustaining the demurrers to the plaintiff's com-
plaint. None of the counts stated a cause of action
against the defendant. ''One who avails himself of a
mere license, and enters upon the premises of another,
has no right to require of the owner, that he keep his
premises in safe condition; and the owner in such cases,
is not responsible except for wanton or intentional
injury.''—McCauley v. Tenn. C., I. & R. R. Co., 93 Ala.
356.

2. In order to justify a recovery under section 2590 of
the Code of 1886, it is necessary that plaintiff be a servant

26

of defendant, and this fact must be alleged in the complaint.—*Ga. Pac. R. Co. v. Propst*, 85 Ala. 203 ; *H. A. & B. R. R. Co. v. McDaniel*, 90 Ala. 64.

HEAD, J.—This is an action for personal injuries. It is very clear the first count of the complaint shows no such relation between the plaintiff and defendant as imposed liability upon the defendant for the injury complained of. The plaintiff was in the employ of the Turner Coal Co., who was engaged in getting and shipping coal on the line of the defendant's road. There was at Palos, where the Coal Company did business, a side or spur track against which was the Coal Company's "tipple," used for loading coal into the cars. The defendant would put cars on this side track near the "tipple" to be loaded. On the occasion of the injury the plaintiff was riding on one of these empty cars, a number of which were being moved on the side track to to be stopped at the "tipple." The plaintiff alleged that it was his duty to be and remain upon said empty cars while they were being switched, and to apply brakes to stop them under the "tipple", where they were to be loaded with coal ; and while in the discharge of this duty he applied the brakes and that the brake he attempted to turn was defective, and instead of stopping the cars hurled him upon the track and the wheels passed over his leg, whereby he lost his leg. The duty of the plaintiff, it must be taken, arose out of his contract with his employer, for there is no allegation that there was ever any agreement, at all, with the defendant either by the plaintiff or the Coal Company, whereby it became plaintiff's duty to be and remain upon the cars and apply the brakes, and there is nothing in the count from which the slightest implication could arise that the defendant agreed on, assented to or even knew of such an arrangement or duty ; and for aught that appears neither the defendant nor its servants knew that the plaintiff was upon the car in the performance of any such duties at the time of the injury. If it be supposed that the servants saw him there, there is nothing alleged imposing a duty upon them to treat him otherwise than as a trespasser. When the plaintiff's supposed duty to be there had its origin, or whether he had ever been there before the occasion of his injury does not appear ; in fact

[Broslin v. Kansas City, Memphis & Birmingham R. R. Co.]

there is nothing to show that the defendant or its servants knew, or ought to have known, anything about 'the plaintiff or his relations to the Coal Company, or his duties growing out of those relations. He was, therefore, in no position to complain of the defective brake.

The second, third and seventh counts are infected with the same infirmities. The demurrers to these counts were properly sustained. There were several amendments to the first and third counts made on a separate paper directing the insertion of certain paragraphs between certain words as they occur in the original counts. The abstract so presents the original counts that it is impossible for us to know where these insertions should be made. We cannot, therefore, consider these amendments. Those amendments which are required to be added at the end of the first, second, third and fourth counts may be considered, but in doing so we find so far as the first, second and third counts are concerned they add nothing to their value.

The fourth count, like the first three shows the relation of the plaintiff to the defendant was that of a stranger, but there are allegations which raise the question whether or not there was such knowledge and consent on the part of the defendant as implied invitation to the plaintiff, by the defendant, in the latter's interest, in the operation of its business, as a common carrier, as justified the plaintiff's presence upon the cars, and imposed a duty on the defendant to furnish to him reasonably safe appliances. There is no pretense in the fourth count that the plaintiff was in the employment of the defendant, hence that count can have no reference to the Employer's Liability Act; yet the only ground of demurrer assigned to this count is that it is not alleged that the plaintiff did not know of the defect in the brake, or that he gave information of the same, if he knew it, as required by section 2590 of the Code. It is obvious that this ground of demurrer is entirely out of place. The court erred in sustaining it.

The fifth count is under the Employer's Liability Act, alleging that plaintiff was in the employ of defendant, and counting on the negligence of defendant's servants having the management of the engine and cars in running and switching said cars with a defective brake on the spur or side track where the plaintiff was engaged

[Shahan v. Tethero.]

in the performance of his duties. The only ground of demurrer assigned to this count is that above noted to the fourth count. We decided long ago that it was unnecessary for the plaintiff to negative in the complaint that he had knowledge of the defect or negligence causing the injury. That is a matter of contributory negligence, which must be brought forward by plea.—*Columbus & Western R'y. Co. v. Bradford*, 86 Ala. 573, and authorities there cited.

We cannot pass upon the real merits of the fourth and fifth counts for the want of grounds of demurrer testing them.

Reversed and remanded.