# Central of Georgia Railway Co.
# v. Sturgis.

*Damages for Depredation of Stock Through Stock-Gap.*

(Decided Feb. 11, 1909.  48 South. 810.)

1. *Limitation of Actions; Pleading; Amendment.*—Where the original complaint alleges the failure of the company to keep the stock gaps in repair on account of which stock entered upon the lands and destroyed the crop, an amended complaint alleging a negligent failure to keep the cattle guards in repair thereby allowing hogs to pass over the stock gap into the lands of plaintiff, is within the lis pendens, and relates back to the original complaint, and is not subject to the statute of limitations.

2. *Appeal and Error; Questions Reviewable; Immaterial Matter.*—Where the original complaint was brought within a year of the injury and the amendment was within the lis pendens, it was immaterial whether the action was barred by the statute of one or six years.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by R. M. Sturgis against the Central of Georgia Railway Company for damages to land from the trespass of stock.  From a judgment for plaintiff, defendant appeals.  Affirmed.

The action was begun in the justice court, and summons was executed on the 6th day of January, 1904.  In the justice court the complaint was as follows:  Plaintiff claims of defendant the sum of $100 for damages caused by hogs getting through the stock gaps of said Centray of Georgia Railway Company's railroad into the fields of said plaintiff from the 12th day of September, 1903."

The second count is as follows:  "The plaintiff claims of the defendant the sum of $100 as damages, as follows:  Plaintiff avers that he operates a farm in Covington county, Ala.; that said farm was inclosed by a fence

[Central of Georgia Railway Co. v. Sturgis.]

that he cultivated during the year 1903, on said farm, corn, cotton, potatoes, and ground peas. Plaintiff avers that defendant was engaged in operating a railroad in Covington county, Ala., and that the track of said defendant's railroad runs through plaintiff's farm; and plaintiff says that it is the duty of defendant to erect suitable stock gaps where defendant's railroad track enters into and passes out of plaintiff's farm, and to keep the same in such repair and condition at all times as will prevent stock from going over defendant's track and into plaintiff's farm. And plaintiff avers that defendant negligently allowed the stock gap where defendant's railroad track enters plaintiff's farm to remain out of repair, or in such condition that hogs could pass over the said stock gap and into plaintiff's farm. And plaintiff avers that, in consequence of said stock gap being allowed to remain in such condition, a great number of hogs went over the same and into plaintiff's farm, and said hogs broke down and destroyed a great deal of plaintiff's corn, and rooted up and destroyed a great many of his potatoes and ground peas, then growing thereon, namely, from the 19th day of September, 1903. All of which was caused by the negligence of defendant in allowing said stock gaps to remain out of repair, or in such condition that the stock could pass over it, to the great damage of plaintiff," etc.

The plaintiff by leave of the court amended his count by adding the following: Count 3: "Plaintiff claims of the defendant the further sum of $100 as damages, for that he is the owner of a farm in Covington county, Ala., and was the owner of the same during the months of September, October, and November, 1903, and that defendant was during such time engaged in operating a railroad in and through said county, which railroad passed through the said lands of the plaintiff. Where

said railroad entered upon or into the cultivated land of plaintiff, the defendant had construed a cattle guard; but, after demand made by plaintiff upon defendant's agent, H. B. Vardeman, the defendant negligently failed to keep the said cattle guard in good repair, whereby a great number of hogs were allowed to pass over around, or through said stock gap, and into the said cultivated land of plaintiff, during said time, to wit, September, October, and November, 1903, and broke down and destroyed a great deal of plaintiff's corn, and rooted up and destroyed a great many of his ground peas and potatoes, planted and then growing on said cultivated land, which were of value to plaintiff, to his damage as aforesaid.

Demurrers were confessed to the first and second counts, and the trial was had on the third count, which appears to have been filed June 13, 1905. The ground of demurrer B, interposed to the third count, was that said count is a departure from the original complaint, in this: That the negligence complained of in the original complaint was a failure to keep the stock gap in repair, and the negligence complained of in the amended count 3 is a failure to keep the cattle guard in repair. The pleas were: The general issue to the whole complaint, and the statute of limitations of one year to the amended count.

STEINER, CRUM & WEIL, and POWELL, ALBRITTON & ALBRITTON, for appellant. The court erred in refusing to give charges 1, 2, 3, and 4 requested by appellant, since the 3rd plea was proven.—*N. C. & St. L. Ry. v. Hill,* 146 Ala. 240; *Rasco, et al. v. Jefferson,* 38 South. 246.

C. E. REID, for appellee. The 3rd count added by way of amendment was within the lis pendens, and related

back to the commencement of the suit.—*H. A. & B. R. R. Co. v. Sanford,* 112 Ala. 425; *Taylor v. Smith,* 104 Ala. 537; *N. C. & St. L. Ry. v. Hill,* 146 Ala. 240.

ANDERSON, J.—The third count, filed as an amendment, was within the lis pendens, and related back to the original complaint, so as to intercept the running of the statute of limitations as against the amended count. —*L. & N. R. R. v. Woods,* 105 Ala. 561, 17 South. 41; *Alabama Co. v. Heald,* 154 Ala. 580, 45 South. 686. The suit having been brought within a year after the alleged injury, the cause of action was not barred, and the pleas were not proven, even if this action was barred by the statute of one year, instead of six, which we need not decide.—*Rasco v. Jefferson,* 142 Ala. 705, 38 South. 246; *N. C. & St. L. R. R. v. Hill,* 146 Ala. 240, 40 South. 612.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.