# Tennessee Coal, Iron & Railroad Co. v. Barker.

## *Injury to Servant.*

(Decided November 27, 1912.   Rehearing denied December 7, 1912.
60 South. 486.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that the plaintiff was in the employment of defendant and that his injuries were received while engaged in defendant's service and acting within the line of his employment, sufficiently alleges defendant's duty to protect plaintiff from injury, and shows the existence of the relation of master and servant from which the law would imply a resulting duty.

2. *Same.*—In an action by an employee against the master for personal injury, the complaint need not allege the facts showing the failure of the employer to perform his duty, as such failure may be alleged in general terms.

3. *Same; Contributory Negligence; Pleading.*—In an action for simple negligence it is not necessary that the complaint negative contributory negligence on the part of the plaintiff since contributory negligence as a defense must be specially pleaded.

4. *Pleading; Amendment.*—Under the provisions of section 5366-5370, Code 1907, an amendment to the complaint relates back to the commencement of the suit if within the lis pendens of the original complaint.

5. *Charge of Court; Request; Refiling.*—The rule requiring pleadings to be refiled after the allowance of an amendment to the complaint has no application to written instructions requested before the complaint was amended, although they were marked refused before such amendment.

6. *Same.*—A charge asserting that to award plaintiff damages the jury must find that the injury was proximately caused by the negligence of the defendant's foreman, and if they did not find that he was negligent, they must find for the defendant cannot be said to be covered by a charge asserting that if the fall of the wall was unexpected by the foreman and the crew, and reasonable foresight would not have caused the foreman, in the exercise of reasonable prudence, to foresee that it was about to fall, the verdict should be for the defendant, since the latter charge hypothesized both the foreman's want

of negligence and the unexpected fall of the wall as facts which must exist before a verdict could be found for the defendant, while the first charge only required a finding that the foreman was not negligent; hence, the first charge should have been given as it stated a correct proposition of law.

7. *Same; Form.*—To be proper, a requested charge should correctly, plainly and succinctly state the law as applied to the facts in the particular case.

8. *Trial; Findings; Conformity to Instruction.*—Where the charges direct a verdict for either party upon an hypothesized fact, the jury must find the existence of all the facts hypothesized before finding a verdict thereunder. .

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Frank P. Barker against the Tennessee Coal, Iron & Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following are the counts referred to in the opinion:

Count A: "Plaintiff claims of defendant the sum of $3,000 as damages, for that whereas, heretofore, to wit, on the 23d day of March, 1910, defendant was operating coke ovens at or near Ensley, Jefferson county, Alabama, and on said day the plaintiff was in the service or employment of the defendant, and whilst in the discharge of his duties under his said employment a part of the wall of said coke oven fell upon him, and his right leg was thereby broken and fractured. (Here follows catalogue of his injuries.) And plaintiff avers that his said injuries and damages were proximately caused by reason of the negligence of some person in the service or employment of defendant, to wit, William Bryant, to whose orders and directions plaintiff, at the time of his injury, was bound to conform, and did conform, and his injuries resulted from his having so conformed, in that Bryant negligently ordered plaintiff to be and remain in dangerous proximity to said wall."

B.   Same as A down to and including catalogue of injuries, and adds: "Plaintiff avers that his said injuries were proximately caused by reason of the negligence of some person in the service or employment of defendant, to wit, William Bryant, who had superintendence intrusted to him while in the exercise of such superintendence, in this: That he negligently ordered the said wall to be pinched or a part thereof loosened, thereby causing said wall to fall, injuring plaintiff as aforesaid."

C.   Same as B down to and including the words, "while in the exercise of such superintendence," and adds: "In this: That said Bryant negligently caused said wall to be loosened or weakened while plaintiff, in the discharge of his duties as aforesaid, was near same."

The demurrers raise the question that the counts do not show the violation of any duty owed the plaintiff; that it does not appear that plaintiff was engaged in the performance of the necessary duties of his employment when injured; that it does not appear that defendant is responsible for the said alleged negligence of Bryant; that for aught that appears defendant's injuries were received by reason of the negligence of a fellow servant; and that it does not appear that Bryant knew that plaintiff was in dangerous proximity to the wall.

The following is charge 8, refused to the defendant: "Under the undisputed evidence in this case, the plaintiff sustained a broken leg, while in the employment of defendant, as a result of a wall falling upon him. In order for you to award him damages, you must find from the evidence that such injury was proximately caused by the negligence of Bryant. If you do not find from the evidence that Bryant was guilty of negligence, you must find for the defendant."

The following is charge 10, which was given for the defendant: "If you believe from the evidence that the fall of the wall was unexpected by Bryant and the crew working with him, and that reasonable foresight would not have caused Bryant, in the exercise of reasonable prudence, to foresee that the wall was about to fall when he and the other laborers were engaged near it, if you believe from the evidence they were so engaged, your verdict must be for the defendant."

PERCY, BENNERS & BURR, for appellant. The demurrers to the three counts of the amended complaint should have been sustained.—*T. C. I. & R. R. Co. v. Williams*, 164 Ala. 54. Charge 8 should have been given.—26 Cyc. 1148.

BONDURANT & SMITH, for appellee. The court properly overruled the demurrers to the amendment complaint.—*Am. Co. v. Fennell*, 158 Ala. 484; *T. C. I. & R. R. Co. v. Smith*, 55 South. 171; *Mary Lee Co. v. Chambliss*, 97 Ala. 171. A complaint need not negative contributory negligence.—*Broslin v. K. C. M. & B.*, 114 Ala. 498; *K. C. M. & B. v. Crocker*, 95 Ala. 412. As to the sufficiency of the complaint see generally.—*Reiter-C. Mfg. Co. v. Hamlin*, 144 Ala. 192; *S. S. & I. Co. v. Holloway*, 144 Ala. 280; 137 Ala. 234; 132 Ala. 490. The charge refused was requested before the amendment to the complaint, and was not requested after the amendment was filed. In any event, it was sufficiently covered by charge 10 which was given.

PER CURIAM.—The appellee was a servant of appellant, and while engaged in the performance of the duties of his employment was injured by the fall of a wall. One Bryant was also an employee of appellant,

and had superintendence over the work in which appellee was engaged at the time of appellee's injuries; and the complaint alleges that appellee's injuries were due to an act of negligence of said Bryant while in the exercise of such superintendence, and while acting within the line of his employment.

1. The sufficiency of counts A, B, and C, which the reporter will set out in his summary of the facts of the case, was challenged by demurrer.

Each of the above counts shows that appellee was in the service or employment of appellant, and that the injuries complained of were received by him while he was engaged in the service of appellant under his employment, and while acting within the line of his employment. The facts, therefore, set out in each of the above counts show that, at the time of the injury complained of, the appellant owed a *duty* to appellee, viz., the duty which under the law, the master owes the servant. As the complaint plainly shows, by its allegations of fact, the duty on the part of appellant to act, it was sufficient for the pleader, in preparing the complaint, to state by a mere general averment that appellant negligently failed to do or perform that duty. In cases of this sort it is essential, when the sufficiency of the complaint is tested by demurrer, for the complaint to set out the facts from which the law will declare the alleged duty. It is not necessary for the complaint to set out the facts showing the failure to perform the duty, as the failure to perform the duty may be stated in general terms.—14 Ency. Pl. & Pr. 331; *T. C., I. & R. R. Co. v. Smith,* 171 Ala. 251, 55 South. 170; *Southern Ry. Co. v. Burgess,* 143 Ala. 364, 42 South. 35.

It was, of course, unnecessary for the counts under consideration, by any of their averments, to negative the contributory negligence of the appellee. Con-

27 CA

tributory negligence, to be available as a defense to an action for damages for simple negligence, must be pleaded.—*Broslin v. K. C., M. & B. R. Co.*, 114 Ala. 398, 21 South. 475. In our opinion, therefore, the counts were not subject to appellant's demurrer.

2. The appellant, before the jury retired, requested the trial court, in writing, in the manner provided by law, to give to the jury several charges, among them charge 8, which the reporter will set out in his statement of the case. With reference to these charges, the bill of exceptions contains the following statement: "The foregoing charges, requested by the defendant and refused by the court, were written out and handed to the court during the argument of the case. During the argument of the case, the court wrote on said charges 'Refused, signing his name thereto, and handed them to the clerk. At the conclusion of the argument, counsel for the plaintiff announced that he would withdraw the counts of the complaint Nos. 1, 2, 3, and 4. The refused charges referred to were not presented to the court after the amendment of the complaint."

The complaint was amended by the addition of counts A, B, and C, which we have referred to in section 1 of this opinion, and by the withdrawal of all the other counts of the complaint. Each of the counts of the complaint which was withdrawn, viz., counts 1, 2, 3, and 4, claimed damages of appellant because of an alleged act of negligence of one William Bryant, who had superintendence intrusted to him, and for an alleged act of negligence of William Bryant *only*.

It is contended by appellee that, as the written charges which were requested by appellant, and which were refused by the court, were actually marked *"Refused"* by the presiding judge, and *handed* by him to the clerk *before* the amendment of the complaint was

[Tennessee Coal, Iron & Railroad Co. v. Barker.]

moved for or allowed, and as all of the counts *then* in the complaint were withdrawn by the allowance of the amendment and *entirely new* counts added, and as the appellant did not, *after* the allowance of the amendment, *again* request the court to give the charges to the jury, therefore appellant should not be permitted to complain of the refusal of the trial court to give said charges to the jury, or either of them. The above argument of appellee is plainly fallacious for two reasons:

First. The amendment of the complaint related back to the commencement of the suit. The amendment was within the lis pendens of the original complaint.—Code, § 536-370; *Central of Ga. Ry. Co. v. Sturgis,* 159 Ala. 222, 48 South. 810; 6 Mayfield's Dig. p. 713, § 67.

A charge which a party to a suit may, in writing, request a court to give to a jury is not a *pleading,* and the rule requiring *pleadings* to be refiled *after* the allowance of an amendment to a complaint (see *Syson Co. v. Dickens,* 146 Ala. 471, 40 South. 753) has no application to charges requested by either party in writing. In fact appellant, in presenting the charges to the court *during* the argument of the case, instead of after the argument was concluded, acted with greater fairness to the court and to appellee than would have been the case if the charges had been presented to the court after the conclusion of the argument. The trial judge was thus given more time within which to consider the charges than he would have had if they had been handed to him at a later stage of the trial. Appellant did not move for or obtain the amendment, and when, in compliance with the terms of the statute, its counsel requested the trial judge to give the charges to which we refer to the jury, its duty, in that particular, was performed. It then became the duty of the court—not during the ar-

gument of the case, but when the case was given in charge to the jury—to give or refuse to give those charges to the jury in the terms in which they were written.—Code 1907, § 5364. Appellant cannot be held answerable for the action of the trial judge in marking the charges "Refused," and handing them to the clerk during the argument.

Second. In addition to the above, the only charge which the court refused to give, at the written request of appellant which is pressed upon us for our consideration is written charge 8; and if that charge correctly states the law of this case *after* the amendment it correctly stated it before the amendment was allowed.

3. Undoubtedly charge 8, requested in writing by appellant, contains a correct and succinct statement of the law as applied to the facts of this case. Appellee was a member of a gang of laborers engaged, at the time he received his injuries, in tearing down a wall of appellant. Bryant was the foreman of this gang of laborers. He was intrusted by appellant with superintendence over the work, had the authority to direct how the work should be done, and appellee owed obedience to his orders. Appellee confessedly sustained a broken leg while in said employment of appellant, and while performing the duties under that employment, by the fall of a wall. He was, when he sustained his injuries, where Bryant directed him to be, and was engaged in performing the work which Bryant directed him to do. It is not and cannot, under the facts and under the pleadings in this case, be contended that appellant is liable for appellee's injuries, unless those injuries were proximately caused by the negligence of Bryant. Charge 8 presented the only issue as to the liability vel non of appellant in a clear-cut way to the jury. In fact, there is no contention in appellee's excellent

[Tennessee Coal, Iron & Railroad Co. v. Barker.]

brief that the law of this case, as it went to the jury under the pleadings and evidence, is not fairly presented by said charge. The only real question in this case is whether charge 8 was fully or substantially covered by other requested instructions which, at the written request of appellant, the trial judge gave to the jury. If so, then the trial court was free from error in refusing the charge; and if not it was not.—*Boyd v. State,* 154 Ala. 9, 45 South. 634; 6 Mayfield's Dig. p. 114, § 47.

4. The only charge which was given to the jury by the trial court, which can truthfully be said to approach, in similarity, the charge now under consideration, is written charge 10, which the reporter will set out in his report of this case.

Every word in a charge which is given by a trial court to a jury at the written request of a party to the cause should mean *something.* Such a charge should correctly, succinctly, and plainly state the law as applied to the facts of the case. Such a charge is intended, not for *lawyers,* who are accustomed to drawing nice distinctions, but for laymen, who are not. Written charges, when given to a jury, are important; and, while it is said that jurors sometimes do not consider them, they should do so. They constitute at least a part of the law of the case submitted to them for their determination under the law, and a jury cannot be expected to do exact justice as triers of the facts, unless its members fully understand the law governing those facts. When, under a written (or oral) charge, a verdict for either party is hypothesized upon the finding by the jury of a certain state of facts, it is *essential* that the jury shall find *all the facts* to *exist* as hypothesized in the charge, in order for that jury to truthfully rest its verdict upon *that* charge. Charge 10, in substance, instructed the jury that if they believed from the evi-

dence "that the fall of the wall was *unexpected* by Bryant *and the crew working with him,*" and that the appellee's injuries were not proximately caused by the negligence of Bryant, then their verdict should be for appellant. In other words, the charge instructed the jury that if *neither* Bryant nor the *members* of the crew working with him expected the wall to fall, *and* if Bryant was guilty of *no* negligence, then the verdict of the jury should be for appellant. Bryant's lack of negligence is not the *only* fact hypothesized in charge 10 as a basis for a verdict in appellant's favor. Bryant's lack of negligence *and the unexpected* fall of the wall by the members of the crew working under Bryant are the *two* facts which, under charge 10, must be *affirmatively* found to exist by the jury to authorize a verdict for appellant. Under the terms of charge 10, if the jury were *reasonably in doubt* or uncertain as to whether the fall of the wall was unexpected by Bryant and the crew working with him, and that the appellee's injuries were received through a negligent act of Bryant, then they were not authorized to find for appellant. Under charge 8 the jury was instructed that, unless they *affirmatively* find from the evidence that Bryant was guilty of negligence, then the jury must find for appellant. In charge 10 the burden of proof is not properly placed, while in charge 8 it is properly placed. In charge 8 the jury, to authorize a verdict for appellee, are required to find affirmatively that Bryant was negligent, and *only* that fact. Under charge 10, to authorize a verdict for appellant, they are required to find affirmatively that the fall of the wall was unexpected by Bryant and his crew, and that Bryant was *not* negligent. The two charges are not identical in meaning, and it cannot be truthfully said that charge 8 was substantially covered by charge 10. As we have already said, charge 8 was, as

applied to the evidence in this case, a correct statement of the law. The Legislature of Alabama, by section 5364 of the present Code, made it the duty of the trial judge to give that charge to the jury in the terms in which it was written. The trial judge did not do so, and in refusing to do so committed an error for which this cause must be reversed and remanded for further proceedings in the court below.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Judge DE GRAFFENRIED, while he was a judge of this court, and is adopted by the court.