# Barker *v.* Tennessee Coal, Iron & R. R. Co.

*Injury to Servant.*

(Decided November 7, 1914. 66 South. 600.)

1. *Master and Servant; Injury to Servant; Instructions.*—Where the action was by an employee for injuries caused by a wall falling upon him, claimed to have been due to the negligence of the superintendent under whom he was working, but there was no allegation of wilfulness, wantonness, or intentional injury, charges that the fact of injury or certain acts of the superintendent would not render the employer liable, but that it was necessary that the superintendent should be negligent, and that an employer was not an insurer of the safety of his employees, and that damages could not be recovered merely because the wall was insecure were given without reversible,

[Barker v. Tennessee Coal, Iron & R. R. Co.]

error notwithstanding they might have been refused properly as being argumentative or misleading.

2. *Charge of Court; False Swearing.*—A charge asserting that if the jury believe from the evidence that any witness had knowingly sworn falsely as to any material facts, they might disregard his entire testimony, was proper.

3. *Same; Argumentative.*—Charges asserting that if the jury believe from the evidence that any witness had been biased by his friendship for plaintiff in giving his testimony, that the jury might take such bias into consideration in weighing his testimony, although they might have been refused as being argumentative as well as giving undue prominence to particular matters, were not so erroneous as to require a reversal.

4. *Same; Reconciling Testimony.*—A charge asserting that the jury was under no duty to reconcile with the other evidence any testimony which they were reasonably satisfied from all the evidence, was false, was not error, although it might have been properly refused.

5. *Appeal and Error; Harmless Error; Evidence.*—Where, after sustaining objection to a question as to how far a wall was leaning over, the court said: let the witness state the condition of the wall, and the witness then proceeded without further objection to testify as to its condition, and that it was leaning over 4 or 5 inches, and that it fell for a distance of about 60 to 80 feet, any error in the ruling on objection was cured.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Frank P. Barker against the Tennessee Coal, Iron & Railroad Company, for injuries received while in its employment. Judgment for defendant, and plaintiff appeals. Affirmed.

The action is grounded as stated in the opinion. The following charges were given at the instance of defendant:

(1) You cannot find that Bryant's directions to pinch or prize the rock in the wall, and his also directing plaintiff to turn the water on, entitled plaintiff to recover. You must further find that in giving such directions Bryant was at fault, and that such fault was the proximate cause of plaintiff's injury. (5) The Employers' Liability Statute of Alabama (Code 1907, § 3910) is not intended to secure to employees damages

upon the mere fact that they are injured while at work. (6) You cannot award plaintiff damages from the mere fact that he was injured while at work, but in order to find for plaintiff you must find that Bryant was guilty of negligence, and if you do not find that Bryant failed to use the care which a reasonably prudent man would have used under like circumstances, you must find for defendant. (7) The suit is brought under the Alabama statutes relating to the liability of employers for damages when their employees are injured, while engaged at the work for which they were employed. This statute does not authorize the jury to award damages to a plaintiff unless defendant's agent had been guilty of negligence. (8) You cannot find that defendant was liable in damages to plaintiff from the mere fact, if you believe it to be a fact from the evidence, that the foreman had one of the men under him engaged in loosening the rocks in the wall with a pinch bar, and at the same time ordered plaintiff to turn on the water. (9) If you believe from the evidence that any witness in the case has knowingly sworn falsely as to any material fact in the case, you may disregard the testimony of such witness entirely. (10) You are under no duty to undertake to reconcile with the other evidence any testimony in the case which you are reasonably satisfied from all the evidence is false. (11) The mere fact that Bryant sent plaintiff to turn on the water under the wall when Bryant knew that the wall was out of plumb would not constitute negligence on Bryant's part. (12) An employer is not an insurer of the safety of his employees while they are at work. (12) If you believe from the evidence that any witness in this case has been biased by his friendship for plaintiff in giving his testimony, you may take such bias into consideration in weighing the testimony of that wit-

ness. (14) It is admitted in this case that the wall was unsafe and was being repaired. You cannot find damages for plaintiff merely because the wall was insecure.

BONDURANT & SMITH, for appellant.

PERCY, BENNERS & BURR, for appellee.

GARDNER, J.—Suit by employee against employer, to recover damages sustained while in the service of the employer.

The work in which plaintiff was engaged at the time of the injury was in assisting other laborers in tearing down a certain wall of a coke oven, which had become warped. The suit was based upon the Employers' Liability Act, and counted for recovery upon the negligence of one Bryant, the foreman of the crew engaged in this work.

For a report of the case on former appeal, we are referred by counsel to the case reported as *Tennessee Coal, Iron & Railroad Co. v. Barker,* 6 Ala. App. 413, 60 South. 486.

The errors assigned relate principally to charges given to the jury by the court at the instance of the defendant.

There is no count of the complaint charging willfulness, wantonness, or an intentional injury to the plaintiff; but plaintiff seeks to recover on account of the negligence of one Bryant, as superintendent, under whom plaintiff was engaged in work for the defendant. Therefore the charges given to the jury, which predicate plaintiff's right to recover, upon the negligence of the said Bryant, are in accordance with the complaint; they state no incorrect proposition of law,

and therefore there was no reversible error in the giving of charges 1, 5, 6, 7, 8, 11, 12, and 14, at the request of the defendant.—*T. C. I. & R. R. Co. v. Barker*, 6 Ala. App. 413, 60 South. 486. While it may be true that some of these charges possessed a misleading tendency, that some others were argumentative, and for these reasons might properly have been refused, yet for the reasons above stated the giving of these charges was not reversible error.

Charge 9, given to the jury, authorizes the jury to disregard the testimony of a witness, if that witness had knowingly sworn falsely as to any material fact in the case. This seems to be a corrcet charge, as held in the cases of *Stone v. State*, 11 Ala. App. 141, 65 South. 963, and *Childs v. State*, 76 Ala. 93.

There was no error in giving charge 10, although as framed we think it could properly have been refused.

Charge 13 might have been refused by the court, for that it is argumentative, and lays stress upon a part of the testimony; but there was no reversible error in giving this charge.

We are of the opinion that the question of the negligence of the foreman, which forms the basis of the suit, was properly submitted to the jury for their consideration; and we find no error in the action of the court in overruling the motion for a new trial.

While the question asked by plaintiff of witness Bryant, on cross-examination, as to how long a distance the wall was leaning over, might not have been subject to the objection interposed, yet the bill of exceptions discloses that immediately thereafter the court said, "Let him state the condition of the wall," and the witness proceeded, without further objection, to testify as to the condition of the wall, that it was leaning over four or five inches, and that the wall fell for about

60 or 80 feet. If there could be said to have been any error in this ruling, it was clearly subsequently and immediately cured, and was therefore without injury.

The other assignments are clearly not erroneous and need no special consideration.

Finding no error in the record, the judgment of the court below is affirmed.

Affirmed.

McClellan, Sayre, and de Graffenried, JJ., concur.