The judgment appealed from is therefore affirmed.

---

(69 South. 845)

No. 21505.

CHATHAM DRUG CO. v. ANDERS, District Judge.

In re CHATHAM DRUG CO.

(Oct. 18, 1915.)

*(Syllabus by Editorial Staff.)*

1. COURTS ☞207 — SUPREME COURT — JURISDICTION.

Although plaintiff, who applied for writs of certiorari, prohibition, and mandamus to prevent the enforcement of a judgment against him, could secure all the relief prayed, except a stay of execution of the judgment in the courts below, the Supreme Court has jurisdiction of his application for the writs, since he has not full relief in the lower courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 613; Dec. Dig. ☞207.]

2. JUSTICES OF THE PEACE ☞139—REVIEW— VOID JUDGMENT.

Where the justice of the peace who tried the case and rendered the judgment against the plaintiff never had jurisdiction of the case, because of the fact that the justice of the court in which it was brought was never legally recused, and the judgment rendered by the trial judge was therefore void, it is the plaintiff's only remedy to have the judgment so rendered declared void upon appeal under Code Prac. arts. 604, 609, providing the method in which judgments shall be avoided.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 465; Dec. Dig. ☞ 139.]

3. JUSTICES OF THE PEACE ☞159 — APPEAL BONDS—AMOUNT.

Under Acts 1882, No. 103, requiring the amount of a suspensive appeal bond in a justice of the peace court to be 1½ times that of the judgment appealed from, an appeal bond for $75 on a judgment of $10 is sufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550-578; Dec. Dig. ☞159.]

4. JUSTICES OF THE PEACE ☞159—APPEAL— APPEAL BOND—SUFFICIENCY.

Under Code Prac. art. 1090, providing that a party may appeal by declaring his intention orally to the justice of the peace, and that the justice shall then take from the appellant such security as the case requires, the amount of security to be taken is within the discretion of the justice of the peace, and any bond taken by him is sufficient as a devolutive appeal bond.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550-578; Dec. Dig. ☞159.]

Original application by the Chatham Drug Company for writs of certiorari, prohibition, and mandamus against W. D. Anders, Judge of the District Court. Application granted, and judgment reversed.

Grisham & Oglesby and John H. Mathews, all of Winnfield, for relator. Earl E. Kidd, of Winnfield, for defendant. Cas Moss, Judge of Fifth District Court, of Winnfield, in pro. per.

PROVOSTY, J. The justice of the peace of the Seventh ward of the parish of Jackson was P. A. Smart, Esq. It was he who entertained plaintiff's suit, and issued citation to defendant, and received and filed the answer of defendant; but it was S. B. Smith,

Esq., justice of the peace of the Fifth ward, who tried the case, and rendered judgment in it. Why this change of judges not a word of explanation is offered.

The suit was on an open account for $41.55, and the defense was a plea of compensation and reconvention in the sum of $70. The court decided that plaintiff's claim was compensated by that of defendant, and gave judgment against plaintiff in favor of defendant for $10, and costs. The amount of the costs was not fixed in the judgment.

On the same day on which the judgment was rendered, but after the court had adjourned, and the defendant had left the building, plaintiff orally applied to Judge Smith for an appeal, and he granted the application, with bond in the sum of $50 for a devolutive appeal and according to law for a suspensive appeal.

Two days later plaintiff obtained from Judge Smart a written order of appeal, and at once, on the same day, furnished a bond of appeal in the sum of $75. This bond was accepted and filed by Judge Smart. The written order had not fixed any amount for the bond.

A transcript of appeal was duly filed in the appellate court, the district court, of which the respondent is judge. By which one of the two justices of the peace—Judge Smith or Judge Smart—this transcript was prepared does not appear, as the transcript is not certified to by any one.

Defendant and appellee moved to dismiss the appeal, on the ground that no order for appeal had been granted, and that no citation for appeal had been served or issued. Plaintiff and appellant met this motion by a counter motion alleging that, although the transcript did not show it, an order for appeal had been applied for and granted in open court on the day of the trial in the presence of defendant, and asking that the transcript be returned to the justice of the peace court for amendment to show that fact. The court granted this motion, and a supplemental transcript was thereafter filed, reciting as stated in said motion, and reciting, further, that the bond for the appeal had been fixed at $50 for a devolutive appeal and according to law for a suspensive appeal. This supplemental transcript was certified to by Judge Smith. Defendant then, with reserve of the other grounds for dismissal, asked that the appeal be dismissed, for the reason that no appeal bond had been accepted or filed; the bond purporting to have been accepted and filed being for an amount different from that fixed by Judge Smith, it being for $75, whereas Judge Smith fixed $50, and it not having been accepted by Judge Smith, but by Judge Smart, who was without jurisdiction in the matter. This motion plaintiff and appellant met by a counter motion alleging that Judge Smart was never recused in the case, and that there had been no ground for his recusation, that Judge Smith had been without authority to try the case, and that the judgment rendered by him was a mere nullity, and asking that the court so decree, and send the case back to be tried by Judge Smart. Defendant then filed a motion alleging that the statement in the supplemental transcript to the effect that the order for appeal had been granted in open court in the presence of defendant was incorrect; the truth being that the court had already adjourned, and the defendant had left the building, when said order was granted.

On the trial Judge Smith testified that the facts were as stated in this motion of defendant's; and the district judge dismissed the appeal, for the reason, as he says, that no bond had been accepted and filed by Judge Smith; that the bond accepted and filed by Judge Smart could not be considered as having been in response to the order issued by Judge Smith; and that Judge Smart had

no right to grant an order of appeal or accept a bond, as he was not the judge who had tried the case.

[1] Thereupon plaintiff applied to this court for the writs of certiorari, prohibition, and mandamus to the district judge; and an order was entered for him to show cause why the said writs should not be made peremptory. In his return he justifies his ruling on the ground hereinabove stated, and takes the further position that, if Judge Smart was not legally recused, then the remedy of the plaintiff was by a suit in nullity, and not by application to this court, and that, moreover, the plaintiff, not having perfected his said appeal, may still appeal devolutively from the said judgment, and therefore is not remediless in the lower courts, and, as a consequence, has not presented a case calling for the intervention of this court.

It is not true to say that plaintiff could obtain full relief in the lower courts, for a devolutive appeal would not prevent the issuance of execution on the $10 judgment; and, even conceding that plaintiff could have recourse to a suit in nullity, coupled with an injunction as against said judgment, this would be no protection against the judgment on the appeal condemning plaintiff to pay the costs of the appeal.

[2] On the assumption of plaintiff's contention being correct—that is, that there was no ground for the recusation of Judge Smart, and that he was not, in fact, recused—the legal situation was that Judge Smith was not the judge of the court in which the suit was pending, and was therefore without authority to try the case, and the judgment rendered by him was an absolute nullity (C. P. 76, 78, 88, 90, 1069, 1070), but that, null though said judgment was, it nevertheless stood as an obstacle in the pathway of plaintiff's suit, which plaintiff had the right to cause to be removed by having recourse to an appeal. Appeal is a proper, and the primary, remedy for having the absolute nullity of a judgment declared (C. P. 604, 609; Champlin v. Bakewell, 21 La. Ann. 353), when the nullity like the one alleged in the present case appears on the face of the record. And, since Judge Smith was just as incompetent to grant an order of appeal or to accept and file an appeal bond in the case as he had been to render the judgment in it, the proper authority to apply to in the premises was Judge Smart.

[3] The amount of a suspensive appeal bond in a justice of the peace court is required to exceed by one-half that of the judgment appealed from. Act 103 of 1882, p. 155. The judgment was for $10, and the bond for $75. The bond was therefore sufficient.

[4] It was also sufficient as a devolutive appeal bond. The law (article 1090, C. P.) provides that a party may appeal by simply declaring his intention to that effect orally to the justice of the peace, and that the justice shall then "take from the appellant such security as the case requires." By this is meant, of course, such security as the justice thinks the case requires. And that is what was done in this case. Plaintiff declared to Judge Smart its intention to appeal, and Judge Smart took from plaintiff such a bond as he thought the case required. No written order was necessary; for proceedings are conducted orally in justice of the peace courts. Article 1073, C. P. And no record was required to be preserved of the granting of the appeal or of the fixing of the amount of the bond, but only of the date on which the appeal was taken. C. P. art. 1074. And this was done.

The judgment dismissing the appeal for want of a bond was therefore erroneous. The question of citation vel non is not before this court, and is not passed on.

It is therefore ordered that the judgment of the district court dismissing the appeal

herein for want of a bond be set aside, and that the respondent judge be, and he is hereby, directed to proceed with the trial of the said appeal in accordance with the views herein expressed and according to law.