## Reynolds, *et al. v.* State.

### Murder.

(Decided May 11, 1916. 72 South. 20.)

1. **Charge of Court; Corrupt Swearing.**—Where there was evidence tending to show that a witness gave willful or corruptly false testimony as to a material fact, it was error to refuse a charge that if the jury found he gave such false testimony, they might disregard his entire testimony.

[Reynolds, et al. v. State.]

2. **Same; Credibility of Witness.**—Where there was evidence that a witness had made contradictory statements concerning material facts, it was error to refuse to instruct the jury that they might consider such statement in determining the weight of the witness's testimony; § 5364, Code 1907, as amended by Acts 1915, p. 815, not applying.

(McClellan, J., dissents in part.)

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Morris Reynolds, Arthur Glass, and Hubbard Glass were convicted of the murder of Scott Craddock, and they appeal. Reversed and remanded.

The following charges were refused to defendants:

(1) If the witness John Allen made the statement in writing to Reuben Reynolds and Frank Fallon, admitted in evidence, then the jury may take into consideration the making of such statement in determining what weight they will give to the testimony in this case of John Allen as testified to by him.

(2) If the jury believe from the evidence that the witness Minnie Booth has willfully or corruptly sworn falsely to any material facts in evidence, then the jury may, in its discretion, disregard the evidence of such witness entirely.

(3) If the jury believe from the evidence that the witness Minnie Booth testified at the coroner's inquest that both Arthur and Hubbard Glass fired at Scott Craddock, and, further, that the said Minnie Booth testified on the coroner's inquest that Scott Craddock called three times to the defendants in their buggy to stop before they stopped on the occasion of his killing, then the jury may take such testimony into consideration in determining what weight they will give to the testimony of Minnie Booth as given in this case.

(15) If you believe from the evidence that the witness John Allen has testified willfully, falsely to any material fact, then you in your discretion may disregard his testimony.

ELLISON & DOMINICK, MIDDLETON & REYNOLDS and I. M. ENGEL, for appellant. WILLIAM L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

SAYRE, J.—(1) Defendants were convicted of murder in the second degree, and each of them sentenced to confinement in the penitentiary for 30 years. After due consideration we find that the judgment must be reversed for the court's refusal of

charges numbered, 1, 2, 3, and 15 in the record. The case is interesting; but in view of the fact that another trial will be ordered, we do not propose to discuss the evidence. It will be enough to say that the hypotheses of these charges were supported by tendencies of the evidence, and in the peculiar circumstances of the case they may have been of peculiar and legitimate value to defendants. · Some of the cases in which this court has approved charges in substantially the language of charges 2 and 15 in this record have been collected by the Court of Appeals in *Pearson v. State,* 13 Ala. App. 181, 69 South. 485, to which we refer. Others to the same effect were noted by this court in the recent case of *Carpenter v. State,* 193 Ala. 51, 69 South. 531, in which this court followed the settled rule in respect to such instructions.—*Barker v. T. C., I. Co.,* 189 Ala. 579, 66 South. 600.

(2) Charges substantially like those numbered 1 and 3 in this record have had uniform approvel in this court. There was evidence going to show that the witnesses to whom these charges refer had made contradictory statements concerning material facts in the case. They should have been given.—*Hale v. State,* 122 Ala. 85, 26 South. 236, where previous rulings are cited. In *Birmingham Ry. v. Glenn,* 179 Ala. 263, 60 South. · 111, where many of the cases on this subject are collected, this court said:

"The principle of these cases is that where particular evidence is offered for a particular and limited purpose, collateral to the main issue, as in the case of all impeaching or discrediting evidence, parties have a right to have its proper function and its limited operation presented to the jury by an appropriate instruction."

In our consideration of these charges we have not been unmindful of the amendment of section 5364 of the Code, approved September 25, 1915; Acts 1915, p. 815. As amended, the section still requires that: "Charges moved for by either party * * * must be given or refused in the terms in which they are written."

It further provides that: "The refusal of a charge though a correct statement of the law shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

The rule of law invoked by the charges in question was not stated by the court in its general charge to the jury nor in any

[Reynolds, et al. v. State.]

of the numerous charges given at the request of the defendants. Defendants were entitled under our uniform rulings to have the proper function and limited operation of the impeaching evidence in this case presented to the jury.

Other questions reserved have been duly considered. They are not of any particular interest, and we prefer not to enter upon that statement of the evidence which a discussion of them would involve. Apart from the refusal of the charges mentioned above we find no error.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur in the opinion.

ANDERSON, C. J., and GARDNER, J., concur in the reversal on charges 2 and 15, and think charges 1 and 3 may be given on a second trial without prejudice to the state, but are not prepared to say refusal of them was reversible error. McCLELLAN, J., agrees to reversal on charge 2, and holds there was no error in the refusal of the other charges in question.

McCLELLAN, J.—I concur in the view that previous decisions of this court require the conclusion that the trial court erred in refusing charge numbered 2, requested for the defendants.

I do not concur in the view, prevailing with the majority of the court, with respect to charges numbered 1, 3, and 15. In my opinion charge numbered 1 was due to be refused for these reasons: (a) That it did not purport on its face to deal with any contradictory statement made by John Allen in writing to Reynolds and Fallon; (b) and so it was faulty and was due to be refused because its effect was to single out and give undue prominence to a particular part or feature of the evidence; (c) the mere fact, as the charge itself solely hypothesizes, that Allen made "a statement" in writing to Reynolds and Fallon—instead of an assertion or assertions to them contradictory, upon material matters, of what he had testified on the trial—could not become a basis for a conclusion, by the jury, unfavorable to Allen's credibility. It was what he said, material to the issues, and not the mere fact that he made a statement, that could become of value or importance in the jury's discharge of its function.

[Madison v. State.]

Charge numbered 3 was due to be refused for the two reasons first above assigned against charge 1. The draughtsman of the charge (3) should not have left it in any doubt that he sought to have the jury advised as upon the theory that the witness Booth made utterances, on a previous occasion, which her testimony on that trial contradicted in a material respect.

Charge numbered 15, refused to the defendants, was so formed as to be equivocal, ambiguous in this: The soundness, strength, and effect of hypothesis therein was made to depend upon the significance to be attributed to the comma between the words *willfully* and *falsely*: If the comma had the effect to interpolate the conjunctive, *and*, the hypothesis was efficient; but if its effect was to interpolate the disjunctive *or*, then the charge was patently faulty, for to *willfully* testify to a material fact affords no ground or reason to disregard that or any other material fact testified by the witness.

In the consideration of these charges the writer has applied the long-esetablished rule in this state, viz.: That a trial court may refuse, without error, any specially requested instruction that is ambiguous, or that is not certain, clear, and explicit in its language, or that is vague and obscure in its meaning.—38 Cyc. pp. 1598-1600, and notes citing some of our cases. There is no duty of a trial court to alter, reform, or modify a requested special instruction.—*McGehee v. State,* 52 Ala. 226.