(81 South. 364)

TAYLOR v. STATE.    (7 Div. 586.)

(Court of Appeals of Alabama.    March 18, 1919.)

1. CRIMINAL LAW ⬅➡785(15)—REFUSAL OF CHARGE—EFFECT OF WILLFUL FALSEHOOD.

Where evidence tended to show that witness had made statements contradicting his testimony touching question of his identification of accused at time of assault, a question as to which evidence was in sharp conflict, refusal of defendant's requested charge that, if witness had willfully sworn falsely concerning any material point, his testimony might be disregarded entirely, was reversible error.

2. CRIMINAL LAW ⬅➡805(3)—INSTRUCTIONS— "POINT"—"FACT."

Court was not justified in refusing charge that, if witness had sworn falsely concerning any material "point," his testimony might be disregarded entirely for the reason that it used quoted word instead of "fact"; court in dealing with the same question in a general way having used the word "point" as synonymous with "fact" (citing 6 Words and Phrases, p. 5420).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fact; Point.]

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Bill Taylor was convicted of an offense, and he appeals. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant. J. Q. Smith, Atty. Gen., for the State.

BROWN, P. J.    [1] The defendant requested and the court refused the following charge:

"If you believe Levi Marchman has willfully sworn falsely concerning any material point in this case, then you are authorized to disregard his testimony entirely."

Unless the refusal of the charge can be justified for the reason that it uses the word "point" instead of "fact," the refusal of the charge was reversible error. Pearson v. State, 13 Ala. App. 181, 69 South. 845; Reynolds v. State, 196 Ala. 586, 72 South. 20.

[2] An examination of the record discloses the fact that the court, in dealing with the same question in a general way, used the word "point" as synonymous with "fact" (6 Words and Phrases, p. 5420; Kent v. State, 64 Ark. 247, 41 S. W. 849), and from this it is manifest that the charge was not refused for this reason.

There was evidence tending to show that the witness Marchman had made statements out of court contradictory of his testimony on the trial touching the question of his identification of the defendant at the time of the assault, a question as to which the evidence was in sharp conflict, and it was the defendant's right to have the jury instructed on this point specifically as to this witness. Hale v. State, 122 Ala. 85, 26 South. 236.

We find no other error in the record, but, for the refusal of the charge, the judgment will be reversed.

Reversed and remanded.