(93 South. 69)

### LAWMAN v. STATE. (7 Div. 769.)

(Supreme Court of Alabama. May 1, 1922.)

Criminal law ☞829(16) — Refusal to give special charge on point covered by general charge held not error.

Under Acts 1915, p. 815, providing that the refusal of a charge shall not be cause for reversal, where the same rule of law was substantially given in the general charge, the refusal to give a charge that, if a certain witness has willfully sworn falsely concerning a material point, his testimony may be disregarded, was not error, where the court gave a general charge that the testimony of any witness may be disregarded if he has willfully sworn falsely.

Appeal from Circuit Court, De Kalb County; A. E. Gamble, Judge.

Marg Lawman was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Isbell & Scott, of Ft. Payne, for appellant. Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The following is the response of the Supreme Court to inquiry heretofore certified by the Court of Appeals:

[1] The Court of Appeals propounds to the Supreme Court the inquiry defined in the following certificate:

"Under the provisions of the statute (Act approved March 9, 1911 [Acts 1911, p. 95] § 2) the following question is hereby certified to the Supreme Court for determination, as the judges of the Court of Appeals are unable to reach a unanimous conclusion or decision in case pending in said court wherein the question is involved.

"(1) Is the opinion in the case of Taylor v. State, 17 Ala. App. 28, 81 South. 364, sound, wherein it relates to the question of the refusal of the special charge, to wit: Charge 5. 'If you believe Levi Marchman has willfully sworn falsely concerning any material point in this case, then you are authorized to disregard his testimony entirely.'

"In the Taylor Case, supra, the original record shows that the court gave the following charge: Charge 1. 'If you believe any witness has willfully sworn falsely concerning any material point in this case, then you are authorized to disregard his testimony entirely.' It will be noted in the Taylor Case, supra, that it was held error to refuse charge 5, supra, even though the court had given charge 1, set out above; the concrete question being whether or not refused charge 5 was substantially and fairly covered by given charge 1, under provisions of Acts 1915, p. 815.

"This April 28, 1922.

"C. R. Bricken, Presiding Judge."

McCLELLAN, J. Among other things, the act approved September 25, 1915 (Acts 1915, p. 815), provides: "The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of the parties." The only difference between specially requested instruction 5 (the refusal of which was held to be error in Taylor v. State, 17 Ala. App. 28, 81 South. 364) and given charge 1, as reproduced in the certificate of the Court of Appeals, ante, is that the former (charge 5) names a particular witness, and the latter (charge 1) refers, generally, to "any witness" found to have "willfully sworn falsely concerning any material point in the case." The greater includes the lesser. The generally applicable reference in charge 1 to "any witness" comprehended, necessarily, the witness named in refused request numbered 5. Since the proposition and subject-matter of request numbered 5 was given to the jury through the broader, yet equally applicable, terms employed in charge 1, the conclusion to reverse in Taylor v. State, supra, was erroneous, and that decision, in the particular under consideration, is unsound.

All the Justices concur.

⸺

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes