[Hinds v. The State.]

# Hinds *v.* The State.

## *Indictment for Arson.*

1. *Averment and proof of ownership; variance; what is revisable.*—On a trial under an indictment for arson, the house burned being averred to have belonged to "*Leon* R.," while the proof showed that it belonged to "*Leonidas* R.," who "was also known and called by the name of *Leon* R.;" no objection to the evidence being made in the court below, and no charge being asked and refused as to any supposed variance between the averment and proof of ownership, the question of such variance is not here presented for decision.

2. *Leading questions to witness; what is revisable.*—In the examination of witnesses, the form and manner of interrogating them must be left, in a great degree, to the discretion of the presiding judge; and the allowance by him of a leading question is not revisable on error.

3. *Form of question and answer, as to state of feeling between witness and accused.*—On a trial for arson, the prosecutor may be asked, "what was the state of feeling between you and the accused at the time of the burning;" and he may answer, "that it was not good." There is nothing objectionable in the form of either the question or the answer.

4. *Motive and threats on part of accused; relevancy of evidence showing.*—Evidence showing a motive on the part of the accused in committing the offense charged, and his threats against the prosecutor, though made several months before the commission of the offense, are relevant and admissible against him.

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN K. HENRY.

The indictment in this case charged that the defendants, Jacob Hinds and William Agee, "willfully set fire to and burned the gin-house of Leon Ratcliff, which, with the property therein contained, was then and there of the value of more than five hundred dollars." Said William Agee having died, the defendant Hinds was put on his trial alone, and pleaded not guilty; and during his trial he reserved the following bill of exceptions: "On the trial, there was evidence showing that the gin-house burned, and about one bale of the cotton in it at the time, was the property of Leonidas Ratcliff, who was also known and called by the name of Leon Ratcliff; that about seven bales of the cotton burned belonged to one Dick Robinson, about two-thirds of one bale belonged to one Riley, and the rest of the cotton burned amounting [amounted?] to about six bales; that the total value of the cotton in the gin-house at the time it was burned was about $700, and the value of the gin-house was about $1,000; and it was shown that the gin-house, with its contents, was burned on the night of the 19th December, 1875. Leon-

[Hinds v. The State.]

idas Ratcliff, who was the owner of the gin-house, was sworn
as a witness on the part of the State, and was asked by the
solicitor this question :  ' What was the state of feeling be-
tween you and the defendant at the time of the alleged
burning of the gin-house?'   The defendant objected to this
question, but the court overruled his objection ; to which the
defendant excepted.   The witness answered, 'that it was
not good;' which answer the defendant moved to exclude
from the jury, and excepted to the overruling of said motion.
The solicitor then asked said witness this question :  ' State
any facts showing the state of feeling between you and the
defendant.'   The defendant objected to this question, but
the court overruled his objection ; and to this ruling of the
court, also, the defendant excepted.   The witness answered,
that the defendant was in his employment in the year 1874,
and was indebted to him at the end of the year in the sum
of about one hundred dollars, and was about to remove his
corn and fodder away from witness' premises, to another
place about two miles distant; that he (witness) sued out an
attachment, and levied it on the defendant's corn and fodder;
that the case came on before a justice of the peace, and was
compromised between him and the defendant at the trial, he
taking a part of the corn, and releasing to the defendant the
rest of the corn and the fodder; that this compromise still
left the defendant indebted to him about fifty dollars; and
that this attachment was sued out, and the trial was had, in
January, or February, 1875.   The defendant moved to ex-
clude this answer of the witness from the jury, but the court
overruled his motion; to which decision and ruling of the
court, also, the defendant excepted.   The State also intro-
duced one Jim Miles as a witness, and asked him this
question :  ' Whether he had any conversation with the de-
fendant, before the burning of the gin-house, about a cow
that Dick Robinson said the defendant had killed, and which
Dick Robinson had told Mr. Echols about.'   The defendant
objected to this question, but the court overruled his objec-
tion; to which decision and ruling, also, the defendant
excepted.   The witness answered, that the defendant said to
him, Uncle Dick Robinson told Mr. Echols that he (defend-
ant) killed Mr. Echols's yearling, and little Bill Robertson
told Mr. Ratcliff that he was hauling off his corn in the
night, and Mr. Ratcliff put an attachment on his corn, ' and
now, damn them, I'll get even with them, if I have to burn
up what they make in the gin-house, gin-house and all;' and
that he (witness) said to him, 'I would not do that.'   The
defendant moved the court to exclude from the jury the said
answer of the witness, but the court overruled the motion; ·

[Hinds v. The State.]

to which ruling and decision of the court, also, the defendant
excepted."

S. J. CUMMING, for the defendant, argued the several ques-
tions presented by the exceptions reserved as above stated,
and also insisted that there was a fatal variance between the
averment and proof as to the name of the owner of the build-
ing; citing to this point the following authorities: 2 Bishop
on Criminal Procedure, §§ 36, 718; *Glanfield's case*, 2 East,
P. C. 1034; *Martha v. The State*, 26 Ala. 72; *Willis v. People*,
1 Scam. (Ill.) 399; *State v. Fish*, 3 Dutch. N. J. 323; *People
v. Myers*, 20 Cal. 76; *Graham v. The State*, 40 Ala. 659;
*Boles v. The State*, 46 Ala. 204; *Davis v. The State*, 52 Ala.
357; 3 Greenl. Ev. § 22.

JOHN W. A. SANFORD, Attorney-General, with whom was
B. HOWARD, for the State, cited Roscoe's Crim. Ev. 95, 967;
Burrill's Cir. Ev. 281-3, 290, 336; *Johnson v. The State*, 17 Ala.
625; *Noles v. The State*, 26 Ala. 31; *Donnell v. Jones*, 13 Ala.
490; *Jones v. Tait*, 8 Porter, 476; *Townes & O'Brien v. Al-
ford & Butler*, 2 Ala. 378.

MANNING, J.—No exception was taken to any charge
given by the court to the jury in this cause, or to a refusal
of the court to give any charge asked to be given on behalf
of defendant. It is therefore to be presumed, that the in-
structions of the circuit judge fairly and fully presented the
case in all proper aspects, and in the light of all the evidence,
to the jury for their consideration. The same testimony by
which it was proved that the gin-house that was burned, and
some of the cotton therein, was the property of *Leonidas*
Ratcliff, shows that he "was also known and called by the
name of *Leon* Ratcliff," to whom the indictment charges that
the gin-house burned belonged. No objection was made to
the introduction of this evidence; the bill of exceptions does
not say that there was no other upon this point; and no ex-
ception is made to any charge given, or to the refusal to give
any charge respecting it, in the Circuit Court. We do not,
therefore, perceive any ground upon which this court can
undertake to review the action or rulings of that court in
relation to this matter.—See *Franklin v. The State*, 52 Ala.
414.

2-3. The objection to the form of the question put to one
of the witnesses for the State whose property was burned—
namely, "What was the state of feeling between you and the
accused at the time of the burning?"—was not well taken.
The question was not too leading; and if it were so, the rul-

ing of the court allowing it, notwithstanding, would not be subject to review and reversal in this court. The form and manner of interrogating a witness must be left in a great degree, if the evidence is relevant, to the discretion of the circuit judge. Nor was it necessary, as here contended, that, in the first question put on that subject, the inquiry should have been, as to the state of feeling on the part of the accused toward the witness, instead of the state of feeling between them. That was a matter which might be explained upon a further questioning, either on the examination in chief, or the cross-examination. The testimony of the witness Ratcliff was relevant, because it showed the existence of the causes, upon which the accused himself, according to the testimony of another witness, founded his subsequent threats to burn the property destroyed, and his expressions of animosity. Neither the overruling by the court of the objection to the question by which the evidence of this matter was brought out, nor the refusal of the motion to exclude the evidence, was erroneous. The relevancy of the testimony is obvious; its conclusiveness or sufficiency was a matter for the consideration of the jury.

The same observations are applicable to the subsequent testimony tending to show ill feeling and threats on the part of the accused against Dick Robinson, whose cotton was in the gin-house, and was destroyed with it.

Let the judgment of the Circuit Court be affirmed.

