# Aycock *v.* Schwartzchild & Sulzsberger Co. of America.

## *Assumpsit.*

### (Decided April 16, 1912. 58 South. 811.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where, under other pleas, the defendant had the benefit of substantially the same alleged matters of defense, any error in sustaining a demurrer to a similar plea was harmless.

2. *Charge of Court; Credibility of Witnesses.*—A charge asserting that if in considering the testimony the jury find that a certain witness intentionally swore falsely to a material fact, knowing it to be false. they may, if they see proper to do so, disregard his entire testimony, was proper and its refusal error.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by the Schwartzchild & Sulzsberger Company of America against W. H. Aycock, doing business, etc., on an itemized and verified account. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 2 as originally filed alleged that the lard purchased was represented to be new in first-class condition and as good as any lard upon the market, and that defendant, relying upon the truth of such representation, agreed to pay 15½ cents per pound for same, and that said representations were false, and that the lard was old and stale and of inferior grade, on account of which plaintiff was damaged in the sum of $300, which he offers to recoup. The amendment to the plea is in substance that, if the lard had been the kind and quality represented by plaintiff, it would have been worth 15½ cents per pound, or proximately $403, but that the lard furnished was old and stale and of an inferior grade,

and was worth not over 10 cents per pound, or proximately $260, and that by reason thereof defendant was damaged in the difference between the price of the lard sold and that delivered, to wit, $143, which he offers to set off or recoup. The plea was further amended by striking out the numbers 300 where they occur in the original plea.

The following is charge 6 refused to the defendant: "If, in considering the evidence of the witness W. D. Cooper, who testified for the plaintiff in this case, you find that he has intentionally sworn to a material fact in this case falsely, knowing it to be false, then, if you see proper so to do, you can disregard his entire evidence in this case."

KYLE & HUTSON, for appellant. The court erred in sustaining demurrer to plea 3.—*Millsap v. Woolf*, 56 South. 22. The court erred in refusing to charge in reference to the defense interposed by special plea 2.— *L. & N. v. Handley*, 56 South. 542. The court erred in refusing charge 6.—*Venable v. Venable*, 165 Ala. 623; *State v. Howell*, 53 South. 955; *State v. Bell*, 54 South. 117. The issue of recoupment should have been submitted to the jury.—38 Cyc. 1625.

CALLAHAN & HARRIS, for appellee. Counsel interpose motion to dismiss the appeal because the appeal was taken by another than the defendant in the judgment. They insist that charge 6 was properly refused.—*Riddle v. The State*, 39 South. 674. Charge 5 was properly refused because requiring the jury to examine the pleading.—*A. G. S. v. McWhorter*, 156 Ala. 269; *Bir. R. R. Co. v. Hails*, 44 South. 1032. The defendant had the benefit of the defenses set up in his pleas to which demurrers were sustained under other pleas to which de-

murrers were not sustained, and hence, any error in such ruling was without injury.

WALKER, P. J.—Whether or not the defendant's plea 3 was subject to demurrer on either of the grounds assigned against it, he could not have been prejudiced by the action of the court in sustaining the demurrer to it, as he had the benefit, under his plea 2 as it was amended, of substantially the same alleged matter of defense.

Following previous rulings in this state in reference to substantially identical requested instructions, it must be held that the court committed reversible error in refusing to give charge 6 requested by the defendant. —*Venable v. Venable,* 165 Ala. 621, 51 South. 833; *Louisville & Nashville R. Co. v. Seale,* 160 Ala. 584, 49 South. 323; *Merriweather v. Sayre Mining & Mfg. Co.,* 161 Ala. 441, 49 South. 916; *McClellan v. State,* 117 Ala. 144, 23 South. 653; *Alabama Great Southern R. Co. v. Frazier,* 93 Ala. 51, 9 South. 303, 30 Am. St. Rep. 28; *Penney v. McCauley,* 3 Ala. App. 497, 57 South. 510.

Other questions presented for review need not be passed on, as they are not such as are likely to be presented on another trial.

Reversed and remanded.