# Pope v. The State.

## Murder.

.(Decided February 6, 1913.   61 South. 263.).

*Evidence; Opinion; Admissibility.*—Where a witness had testified that certain peculiar tracks of a mule led from the scene of the murder to defendant's house, and that the feet of a mule belonging to defendant had certain peculiarities, and that he had examined the feet of a mule belonging to another person near whose house the murder was committed, and that they did not possess those peculiarities, it was error to permit the witness to state whether the mule belonging to such other person could have made the tracks described, as that was a question for the jury to determine from the evidence.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Erwin Pope was convicted of murder in the first degree, and he appeals. Reversed and remanded.

THOMAS J. HARRIS, for appellant. The court was in error in admitting the testimony that the John Body mule could not have made tracks similar to those found leading from the scene of the killing to the home of Erwin Pope.—*Pope v. State,* 57 South. 45, and authorities there cited.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, WILEY. C. TUNSTALL, JR., Solicitor, and W. P. ACKER, for the State. The action of the court in reference to the evidence was free from error.—*Pope v. State,* 168 Ala. 42; *Littleton v. State,* 128 Ala. 31; 17 Cyc. 216, 218.

SOMERVILLE, J.—The appellant has been thrice tried, convicted, and sentenced to death, and the case is now before this court for the third time on appeal.— *Pope v. State,* 168 Ala. 33, 53 South. 292; s. c. 174 Ala. 63, 57 South. 245. One James McClurkin heard some one burglarizing his ginhouse during the night. He arose, dressed, and went in pursuit of the burglar, who had driven off in a wagon. He was not seen alive again, but his dead body was found close by the public road along which he had made pursuit, with his head battered and crushed, and the bloody stones and sticks used by the murderer lying close at hand. The murder occurred near the house of one John Body, and the theory of defendant was that Body was the real murderer. On the second appeal, after a very exhaustive consideration of the evidence, which was entirely circumstantial, we concluded that there was some evidence from which the jury might have inferred that Body was the murderer. A very important, if not the weightiest, part of the state's evidence, related to the identification of certain mule tracks leading from the scene of the

murder to this defendant's house as the tracks of a mule owned and used by him. One Joe Dodgen, a blacksmith of 15 years' experience, had testified that he had traced these tracks to defendant's house; that these tracks were peculiar, in that those made by the hind feet showed no shoes, a piece of the left foot being broken off the side so that the sand "would oval up in the track," and the right foot leaving the impression of three nails on the earth; that he had examined the feet of a certain mule belonging to defendant and found its front feet shod, and the hind feet bare; and that the left hind foot had a piece broken out of the side, the same side as shown by the track, and the right hind foot had two loose nails in it. The witness also testified that he had examined the feet of John Body's mule, and that they were smooth, not broken on the bottom, and without nails.

There is no material difference between the evidence presented now and on the former trial. On this trial, against defendant's objection that the question called for the conclusion of the witness, the trial court allowed the state to ask the witness Dodgen, "Could the John Body mule have made the tracks that you tracked from the peach tree around the route that you described?" The witness answered, "No," and defendant's motion to exclude the answer, for the same reason, was overruled.

This same question was directly presented on the second appeal, and we distinctly ruled that the allowance of such a question was "manifest error" under the former decisions of this court, which we there reviewed, and the judgment of conviction was reversed solely on that proposition.—*Pope v. State,* 174 Ala. 63, 57 South. 245, 250. Those decisions hold that in such cases as this the witness must state the facts, and *leave to*

*the jury* the conclusion sought to be elicited; and they clearly forbid the statement of the witness' conclusion, whether with or without a statement of the facts upon which it is founded.—*Busby v. State,* 77 Ala. 68; *Hodge v. State,* 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145.

It is obvious that the description and identification or differentiation of these mule feet and tracks required no expert knowledge or skill, and the jury were quite as competent to draw the ultimate conclusion as was the blacksmith himself.

It is now urged in behalf of the trial court's departure from the ruling above stated, that on the first appeal this same trial ruling was exhibited, and, though not specifically treated in the opinion, it was inferentially held to be without merit by a general declaration that all points disclosed by the record had been considered, and that there was no error—excepting, of course, as to the point of reversal, which was foreign to this question.

We have examined the record of the first appeal, and a rigid scrutiny of Dodgen's testimony shows nothing on this subject other than the statement, "I found John Body's mule's hind feet to be sloped, so that they wouldn't make a track *like* the one I tracked." No objection was made to this by defendant, and, indeed, on the second appeal, a majority of the court held that the admission of such an opinion, accompanied by a statement of the facts, was not reversible error. The present question was in no way presented.

For the error pointed out, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded. All the Justices concur.