# Savage *v.* The State.

### *Arson.*

(Decided June 21, 1913.   Rehearing denied July 8, 1913.
62 South. 999.)

1. *Arson; Nature of Building.*—Under the evidence in this case
the building alleged to have been burned was a barn, and not a
corn crib, and hence, there was a fatal variance since the indictment
charges it to be a corn crib.

2. *Same; Indictment.*—Where the indictment charged that defend-
ant burned or willfully set fire to a corn crib, the property of S., it
is not necessary that it go further and allege that the crib con-
tained corn when it was burned, or that it was erected for public use,
or that its value was more than $100.00.

[Savage v. The State.]

3. *Same; Evidence.*—It is competent for a witness to testify that he owned the property burned.

4. *Same; Evidence; Motive.*—Where it was shown that S. had rented land formerly rented by defendant, the fact that defendant requested a witness to ascertain whether a third person worked on the land with S. and whether S. rented the land, and that witness did so, and ascertained that P. who worked with S. was the person who was after the land, and that he so reported to defendant, was admissible as tending to shed light on the motive.

5. *Trial; Order of Proof; Recalling Witnesses.*—Where the state had announced that it had closed its evidence on direct examination, it was within the discretion of the trial court, whether it would permit the state to recall a witness as defendant had not offered any evidence in his own behalf at that time.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Wright Savage was convicted of arson, and he appeals. Reversed and remanded.

The witnesses Gulley and Purifoy testify substantially that Wright Savage worked some land that year on Mr. Purifoy's place, and that Wright came to the witness Gulley to get him to find out something about the land, and the solicitor asked him what it was, and, upon objection by the defendant, the solicitor stated to the court that it was proposed to show by the answer to the question the motive for the burning; that defendant understood that Walter Snow had rented land formerly rented by him, and he wanted to find out whether this was true. The witness, answering the question, testified: "He [defendant] asked me to go over there and see if this fellow worked on the place with Walter, and see whether Walter ever rented the land. 1 went over and saw the fellow, and he said, 'Walter Snow [owner of the burned crib] is not after the land,' but that he was the fellow after it"—that is to say, Mark Purifoy, who worked with Walter Snow. The witness then went back to Savage and told him what he had found out. The indictment was as follows, omitting the formal charging part: "Wright Savage willfully set

"fire to or burned a corncrib of Walter Snow." The demurrers were, first, that it did not allege that the corncrib contained corn at the time of the burning; second, that it did not allege that the said crib was erected for public use, nor did it allege that its value was more than $500.

JONES & MABRY, for appellant. The building burned was a barn and not a corncrib under the evidence, and hence, there was a fatal variance between the allegation and the proof.—*Jackson's Case,* 145 Ala. 54. The indictment was demurrable for failing to allege that the crib contained corn or that it was worth more than $500, or was built for public use. Counsel also discuss the exceptions to evidence, but without citation of authority.

.R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was not subject to demurrer.—*Henderson v. State,* 105 Ala. 82. The motion in arrest of judgment was properly denied, as it was not presented at the proper time, nor was it based on error apparent of record.—*Hood v. State,* 44 Ala. 81; *Sanders v. State,* 129 Ala. 69; *Durrett v. State,* 133 Ala. 119; *Travis v. State,* 58 South. 270. A witness may testify that he owns the property burned.—*Harper v. State,* 109 Ala. 28. The evidence of Gulley and Purifoy was competent to show motive.—*Duncan v. State,* 88 Ala. 31; *Tate v. State,* 94 Ala. 14.

PELHAM, J.—The indictment upon which the defendant was tried contained but one count and charged arson in the second degree, alleging the burning of a corncrib. The evidence showed that the structure burned was a planked-up room or bin used for storing or

housing corn, and that connected and used in conjunction with this room and as a part of the structure on three sides thereof were roofed-over sheds or shelters, used for keeping and feeding mules and other stock and for housing and keeping cotton, fodder, wagons, and farm implements. It was also shown by the evidence of the owner that it was called "a crib;" that it was "a barn where [were] kept mules and horses and everything." Some of the state's witnesses testified that the building was known and called a crib; but the evidence without conflict shows that there was no other barn or stable used in connection with the dwelling of the owner besides this building. The description and use to which the structure was put as shown by the evidence would not authorize the designation in the indictment of the building burned as a corncrib, under the holding in *Jackson v. State,* 145 Ala. 54, 40 South. 979, and under that authority it must be held that there is a fatal variance between the allegations of the indictment and the evidence.

It was proper to allow the witness Snow to testify that he owned the property burned.—*Harper v. State,* 109 Ala. 28, 33, 19 South. 857.

The testimony of the witnesses Gulley and Purifoy was relevant and admissible as tending to show a motive.—*Simpson v. State,* 11 Ala. 6, 20 South. 572; *Overstreet v. State,* 46 Ala. 30; *Marler v. State,* 67 Ala. 55, 42 Am. Rep. 95; *Duncan v. State,* 88 Ala. 31, 7 South. 104; *Pate v. State,* 94 Ala. 14, 10 South. 665.

The action of the court in permitting the solicitor to recall the witness Purifoy, after announcing that the state had closed its evidence on direct examination but before the defendant had offered any evidence in his behalf, was a matter entirely in the proper discretion of the trial court, and no abuse of discretion is shown.

The general charge requested by the defendant should have been given because of the fatal variance between the allegations of the indictmènt and the evidence hereinbefore pointed out. . The correct propositions contained in other refused charges are fully covered by the given charges.

The indictment was not subject to the demurrers interposed to it.—*Henderson v. State,* 105 Ala. 82, 16 South. 931; *Cook v. State,* 83 Ala. 62, 3 South. 849, 3 Am. St. Rep. 688.

For the reasons given, the judgment of conviction must be reversed.

Reversed and remanded.