# Savage *v.* The State.

## *Arson.*

(Decided April 8, 1915. 68 South. 498.)

1. *Criminal Law; Former Jeopardy.*—Where a former judgment of conviction was annulled at the instance and request of defendant, he cannot set it up as a former jeopardy.

2. *Appeal and Error; Review; Matter for Bill of Exception.*— Where a motion to strike the plea of former jeopardy and the rulings of the court thereon do not appear in the bill of exceptions, such rulings are not properly presented for review on appeal.

3. *Arson; Intent; Evidence.*—Under the evidence in this case, the question of intent was one for the jury.

4. *Same; Motive.*—Where the prosecution was for arson, the threats made by defendant and his ill will towards the owner of the building burned were admissible to show motive.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Wright Savage was convicted of arson, and he appeals. Affirmed.

The plea of former jeopardy sets out the fact of the indictment, defendant's arraignment and plea thereto on November 4, 1912, the introduction of witnesses, the verdict of the jury finding him guilty, and the fact that the judgment of guilt had been reversed and remanded because of a variance between the allegation of the indictment and proof and the reindictment of defendant by a subsequent grand jury, and that the trial sought to be entered upon was for burning the same building at the same time, in the same manner, and proof by the same witnesses as on the former trial.

J. PAUL JONES, for appellant. The court erred in sustaining motion to dismiss plaintiff's plea of former jeopardy.—*Washington v. State,* 14 Ala. 63; § 7155, Code

1907; 21 Am. Dec. 505. Defendant was entitled to have all the evidence for the state stricken, first, because the corpus delicti was not shown.—*Davis v. State,* 114 Ala. 62; *Winslow v. State,* 76 Ala. 42; *Harden v. State,* 109 Ala. 50; *McDonald v. State,* 51 South. 629.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, P. J.—The former judgment of conviction having been annulled at the instance of the defendant (see *Savage v. State,* 8 Ala. App. 334, 62 South. 999), his plea of former jeopardy was without merit.— 1 Mayf. Dig. 490, § 12, and authorities there cited.

Besides, the motion to strike the plea and the court's ruling on the motion do not appear in the bill of exceptions, and when not so shown, such ruling is not presented for review on appeal.—*Mouton v. L. & N. R. R. Co.,* 128 Ala. 537, 29 South. 602; *Wilson v. State,* 136 Ala. 114, 33 South. 831.

The facts testified to by one of the state's witnesses, who was the first person to arrive on the scene of the fire, that some cane fodder and chaff on the top of some cotton bales was on fire that had not been on the cotton the evening before the fire occurred early the next morning, and that the fire had not reached the ground, but was blazing upward from the cane fodder and chaff on top of the cotton bales and had caught the boards of the barn, taken in connection with the general surroundings and description of the property burned and the time of night or early morning that the fire started, all showing an improbability of accidental burning, were sufficient to furnish an inference that the fire was the intentional result of human agency, in other words, that the fire which destroyed the barn was of incendiary origin.

The threats made by the defendant and his ill will towards the owner were admissible in evidence for the purpose of showing a motive.—*Hinds v. State,* 55 Ala. 145; *Simpson v. State,* 111 Ala. 6, 20 South. 572; *Savage v. State, supra.*

No objection having been interposed on the ground that the corpus delicti had not been sufficiently shown, to the introduction in evidence of the incriminating statements made by the defendant in the nature of confessions, that question is not before us. But, aside from the confessions, the testimony in the record, independent of them, is sufficient, as affording inferences showing the corpus delicti, that there were probable grounds for believing that the offense had been committed.

No objection of any kind seems to have been made by the defendant or the state to any of the evidence, and no exception reserved to any ruling of the court relating to the evidence. Considering the state's evidence as a whole, including the incriminating statements of the defendant offered by the state and admitted without objection, it was sufficient from which the jury might fairly draw inferences of the commission of the crime charged and the defendant's guilt, and the court was not in error in submitting those questions to the jury and refusing the defendant's motion to exclude the evidence. For the same reason, the general charge requested by the defendant was properly refused.

We find no error in the record.

Affirmed.