# Pearson *v.* The State.

## *Assault and Battery.*

### (Decided May 30, 1915.   69 South. 485.)

1. *Charge of Court; Applicability to Evidence.*—Where, whether or not the prosecuting witness was drunk or drinking at the time of the alleged assault, was not a material fact as related to the evidence, the court will not be put in error for refusing to charge that if the jury are reasonably satisfied from the evidence that such prosecutor willfully swore falsely that he was not drunk or drinking at that time, the jury would be authorized to disregard his evidence entirely.

2. *Same; Credibility of Witness.*—Where a witness willfully swears falsely as to any material fact, the jury are authorized to disregard his evidence in reaching a verdict.

3. *Same; Reasonable Doubt.*—A written instruction asserting that if there was a single fact proven consistent with the defendant's innocence, he should be found not guilty, is not a correct statement of the law, and its refusal was proper.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Lee Pearson was convicted of an assault with a weapon, and he appeals. Reversed and remanded.

The defendant was charged with having assaulted Hilliard Palmer with intent to murder him. The weapon used was a piece of scantling about three inches wide, two inches thick, and about three feet long. The following charges were refused the defendant: (1) The court charges the jury that, if you are reasonably satis-

fied from the evidence in this case that Palmer willfully swore falsely that he was not drunk or drinking at the time he claims he was assaulted, then you would be authorized to disregard his evidence entirely.

(3) If the jury is reasonably satisfied that Palmer willfully swore falsely to any material fact, then you would be authorized to disregard this evidence entirely in making up your verdict.

(6) The court charges the jury that it is a duty you owe the defendant to give him the benefit of every reasonable doubt growing out of the evidence, and, if from the evidence in this case there is a single fact proven consistent with the defendant's innocence, you should find him not guilty.

RIDDLE, ELLIS & RIDDLE, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The only questions discussed by defendant's counsel in brief relate to the refusal of the trial court to give the written instructions numbered 1, 3, and 6, requested by the defendant.

(1) To put the court in error for refusing charge No. 1, it would be necessary to say that the court was required to charge as a matter of law that whether or not the prosecuting witness was drinking (drunk and drinking being disjunctively predicated in the charge) at the time of the alleged assault was a material fact as related to the evidence in the case. We do not think the evidence justifies this requirement, or that the court can be put in error for refusing to so charge as a matter of law.

[Pearson v. The State.]

(2) Charge No. 3 refused to the defendant is a correct charge, was not abstract, and its refusal was error. —*McClellan v. State,* 117 Ala. 140, 23 South. 653; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *Childs v. State,* 76 Ala. 93; *Jordan v. State,* 81 Ala. 20, 1 South. 577; *Lowe v. State,* 88 Ala. 8, 7 South. 97; *Parham v. State,* 147 Ala. 69, 42 South. 1; *Ala. S. & W. Co. v. Griffin,* 149 Ala. 439, 42 South. 1034; *Gillespie v. Hester,* 160 Ala. 449, 49 South. 580; *Aycock v. Schwartzchild, etc.,* 4 Ala. App. 610, 58 South. 811.

(3) Defendant's refused charge No. 6 predicates an acquittal on the jury's belief in a single proven fact consistent with the defendant's innocence, and not a single fact inconsistent with the guilt of the accused, as predicated in the charge in *Roberson's Case,* 175 Ala. 15, 57 South. 829. This is an entirely different proposition, that does not bring the charge within the principle approved in *Roberson's Case;* and on this proposition, for that matter, the latter case has been overruled and a similar charge condemned in the late case of *Ex parte Davis,* 184 Ala. 26, 63 South. 1010.

We have examined the entire record and find no reversible error in any other of the numerous questions presented. For the error pointed out, in refusing to the defendant written instruction No. 3, a reversal must be ordered.

Reversed and remanded.