# CASES

## IN THE

# COURT OF APPEALS OF ALABAMA

### OCTOBER TERM 1915-16

---

## Cunningham *v.* The State.

### Arson.

(Decided June 30, 1915. Rehearing denied October 4, 1915.
69 South. 982.)

1. **Jury and Jurors; Service; Return.**—Where there is nothing in the record contradicting the return of the sheriff of his service of the list of jurors under orders of the court, such return prima facie imports verity as to the facts stated therein, the act being an official act.

2. **Same.**—Where the return of the sheriff stated that in pursuance of the orders of the court he served on defendant a list of the names of the regular jurors drawn and summoned for the week of the trial, together with a list of the names of the special jurors drawn by the court for the trial of defendant, it sufficiently shows that the jurors named in the list have been summoned.

3. **Arson; Evidence; Tracks.**—Evidence that tracks near the scene of the crime were like, similar or about the same as those made by defendant, is not the opinion or conclusion of the witness, but a descriptive statement of a fact made from personal observation, and proper to go to the jury.

4. **Evidence; Opinion.**—Evidence that the peculiarities in tracks were similar to stated peculiarities in the tracks made by defendant, was not inadmissible as an opinion.

5. **Appeal and Error; Harmless Error; Evidence.**—Where the evidence of the fact that the dog trailed defendant was not admitted in evidence, the admission of evidence of the ability of the dog to track persons was immaterial.

6. **Arson; Corpus Delicti.**—The corpus delicti of the offense of arson may be established by inference.

7. **Same; Motive.**—Threats made by a defendant or ill will exhibited by him against the owner or occupant of the building alleged to have been burned, are admissible to show motive for the crime.

8. **Same; Instruction; Circumstantial Evidence.**—Where the prosecution was for arson, and is based wholly on circumstantial evidence, charges asserting that defendant should be acquitted unless no other person could

[Cunningham v. The State.]

have done the act, were properly refused as it could well be that others could have done it, and yet defendant actually did it.

9. **Charge of Court; Argumentative.**—Charges asserting that the jury must be satisfied to a moral certainty not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of highest concern and importance to their own interests, etc., have been repeatedly condemned as argumentative and otherwise improper.

10. **Same; Sufficiency of Evidence.**—A charge asserting that if the jury would not be willing to act upon the evidence in this case if it was in relation to matters of most solemn importance to their own interest, then you must find defendant not guilty, are not only argumentative but invasive of the jury's province.

11. **Same; False Testimony.**—Notwithstanding the jury may in their discretion disregard the testimony of a witness who willfully swears falsely to a material fact, yet there is no absolute duty on the jury to disregard such entire testimony.

12. **Same; Reasonable Doubt.**—A charge asserting that if there is one single fact proven in this case inconsistent with defendant's guilt that is sufficient to create a reasonable doubt, and entitles him to an acquittal, may be refused without error.

13. **Same; Weight of Evidence.**—Instructions as to the weight and effect to be given to evidence as to footprints, in the absence of some peculiarity or mark are not only argumentative, but objectionable as singling out evidence and giving it undue prominence.

14. **Same.**—A charge asserting that if on the whole evidence the jury should reach the conclusion that the tracks testified to by the witnesses were those of defendant, yet if the jury have a reasonable doubt as to whether those tracks were made on the night of the burning, then the jury should acquit defendant, singles out and gives undue prominence to particular portions of the evidence.

15. **Criminal Law; Verdict; Place of Punishment.**—As the law fixes the place of punishment upon the conviction of a defendant, the correction of a verdict to include the place of punishment was not error.

16. **Same; Completion and Verification.**—Where the jury is recalled before leaving the court room, it is not error to permit a verdict to be completed and verified by the jury after it has been discharged.

APPEAL from Gadsden City Court.

Heard before ·Hon. JAMES A. BILBRO.

Mark Cunningham was convicted of arson, and he appeals. Affirmed.

The objections to evidence, together with the tendencies of the evidence, sufficiently appear from the opinion. The house alleged to have been burned was the property of Will Thompson, and it appears from the evidence that early in the year before the burning defendant had been indicted for petit larceny,

and that Will Thompson, together with others, was summoned before the grand jury, and testified against defendant. The court permitted the state to show that among other things said by defendant was that he knew all who appeared against him, that Thompson was said to have a still in his barn, and that defendant would go to the barn as soon as the protracted meeting got to going good and see if the still was there, and, if so, he would notify the sheriff, and they would go and arrest Thompson.

The following charges requested by defendant were refused:

(B) The evidence in this case against defendant is circumstantial, and before you can find defendant guilty on such testimony, you must believe from the evidence beyond a reasonable doubt and to a moral certainty that he willfully set fire to and burned the house of Thompson, and that no other person could have done the act.

(C) Before the jury can convict defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and, unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of highest concern and importance to their own interest, then they must find defendant not guilty.

(D) If you would not be willing to act upon the evidence in this case if it was in relation to matters of most solemn importance to your own interest, then you must find defendant not guilty.

(E) Affirmative charge, as was charge F.

(G) The court charges the jury that if, upon a consideration of the whole evidence, you find any material part of the testimony of a given witness was willfully false, then it is the duty of the jury to disregard his testimony entirely.

(H) If there is one single fact proven in this case inconsistent with defendant's guilt, that is sufficient to create a reasonable doubt and entitle him to an acquittal.

Charges I and J are charges as to the weight and effect to be given to evidence as to footprints in the absence of some peculiar mark.

(K) If, from the whole evidence, you should reach the conclusion that the tracks testified to by witnesses as those of de-

fendant were the tracks of defendant, but have a reasonable doubt as to whether such tracks were made on the night of the burning, then you should acquit defendant.

As originally framed, the verdict read: We, the jury, fir defendant guilty as charged in the indictment, and set punishment at ten years.

W. J. BOYKIN, and ROBERT F. LUSK, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—(1, 2) The defendant was tried on an indictment charging an offense punishable capitally (arson in the first degree), and made a timely motion to quash the special venire on the ground that the copy of the venire served on the defendant did not conform to the order of the court and contain the names of the regular jurors drawn and summoned for the week the case was set for trial, as was required by the order of the court made in compliance with the statute. The point seems to be that, while the list showed that the jurors were drawn, it does not appear from the list that they were summoned.

The ground of the motion is not sustained by anything set forth in the record. On the contrary, the order of court required the venire to consist of 100 names, 47 of which were to be the names of the regular jurors drawn and summoned for the week, and 53 special jurors drawn for the purpose of completing the venire. The copy of the venire served on the defendant is shown to consist of the proper number of names, and contains the names of 47 persons as being the regular jury for the week, and 53 names as the names of the persons constituting the special venire. The return of the sheriff states that, in pursuance of the order of the court, he served on the defendant a list of the names of the regular jurors drawn and summoned for the week of the trial, together with a list of the names of the special jurors drawn by the court for the trial of the defendant. There is nothing to contradict the return of the sheriff, which, as an official act, prima facie imports verity as to the facts stated in it.—*Hale v. State*, 10 Ala. App. 22, 64 South. 530. The return in this instance shows a compliance with the order of the court made pursuant to the statute.

(3) The evidence connecting the defendant with the commission of the offense with which he was charged was circumstantial, and on the trial of the case the state was allowed, over the objection of the defendant, to show the character of footprints found near the scene of the crime shortly after it was committed, and their correspondence with those made by the defendant, and that they led in the direction of the home of the accused, as evidence admissible in going to identity in pointing out the defendant as the perpetrator of the crime.

The state was allowed to show, without objection on the part of the defendant, that the footprints found near the scene of the burned house went in the direction of and near to the defendant's home, and that similar barefoot tracks were found in the defendant's back yard that night or the next morning after the burning of the night before. The contention of the defendant is that the court was in error in several instances in permitting the witnesses who saw and examined tracks made by defendant at or about the same time to testify, against defendant's objection, that the tracks were similar or alike, or corresponded in appearance and compared as being the same size in width and length. It was not shown that any of the witnesses testifying on this subject had themselves taken or seen others take actual measurements of the tracks, but it did appear that they had observed the tracks critically, with a view of noting their general character and appearance with respect to each other for the purpose of making a comparison. It was held in a very recent decision of the Supreme Court, considering the admissibility of "track evidence," that the statement of a witness that the length of two mule tracks was the same, although the witness had been unable to get an exact measurement of the heel, was competent evidence to go to the jury for what it was worth.—*Brindley v. State,* 193 Ala. 43, 69 South. 536, rendered June 3, 1915. As a fair example of what the witnesses were permitted to testify to in the instant case, we quote the following: "The width seemed to be pretty much the same in both tracks." The tracks were "about the same size." They "appeared to be about the same size." "They compared in length and all and shape." They "compared pretty well in size and length and width and toes and heel. * * * They compared in width, toes, and size." "They looked exactly alike."

[Cunningham v. The State.]

It does not seem to us that the admission of this evidence was violative of the rule against the acceptance of the opinion or conclusion of a witness, but that it was rather a descriptive statement of a fact made from personal observation. Certainly it would be admissible under the rule laid down in *Brindley's Case, supra,* and *Pope's Case,* as reported in 174 Ala. 63, 57 South. 245, and does not offend against the rule declared in *Pope's Case,* as reported in 181 Ala. 19, 61 South. 263. These cases are the latest enunciation of the Supreme Court (to whose opinions we are charged by statute to conform our holdings) on this subject, and seem to us to justify the trial court in the admission of the evidence to which exceptions were timely and properly reserved in such a way as to require a review here of the rulings of the trial court on the admission of the evidence complained of as being the opinion or conclusion of the witness. See, also, *Morris v. State,* 124 Ala. 44, 27 South. 336, and *Perry v. State,* 87 Ala. 30, 6 South. 425.

(4) Of course, the weight to be given to this evidence was for the jury, and, although some of it may have been of little force, it was nevertheless a question for the jury.—*Moore v. State,* 4 Ala. App. 67, 59 South. 189.

(5) Some of the witnesses testifying to the similarity of the tracks also stated, in describing the peculiarities of the tracks, that they were "similar," or the same, in that it was a track in which "the toes dug down in the ground and stuck close together," showing an impression in the ground where the toes had thrown up a particle of dirt as the foot left the ground. This evidence of the physical peculiarities of the tracks of the accused was admissible on the authority of *James v. State,* 104 Ala. 20, 16 South. 94, cited with approval in *Pope's Case,* reported in 174 Ala. 63, 77, 57 South. 245. In the latter case Judge SOMERVILLE, rendering the opinion of the court (174 Ala. 78, 57 South. 250), makes the observation that the spirit of the rule against the admission of opinion or conclusion evidence is not violated by the shorthand rendering of facts, and pointedly says: "And we are unwilling to embarrass trial courts by any further extension of the rule of exclusion, at least as a basis for the reversal of judgments on appeal," and quoting from 3 Wigmore on Evidence, § 1929, the following statement, which is applicable here: "The opinion rule day by day exhibits its unpracti-

[Cunningham v. The State.]

cal subtlety and its useless refinements of logic. Under this rule we accomplish little by enforcing it, and we should do no harm if we dispensed with it. * * * We should do no harm, because, even when the final opinion or inference is admitted, the inference amounts in force usually to nothing, unless it appears to be solidly based on satisfactory data, the existence and quality of which we can always bring out, if desirable, on cross-examination. * * * And, finally, the utter impossibility of a consistent application of the rule, and the consequent uncertainty of the law, and we understand how much more it makes for injustice, rather than justice. It has done more than any one rule of procedure to reduce our litigation towards a legalized system of gambling."

(6) The bill of exceptions sets out considerable evidence showing an attempt upon the part of the state to show the qualifications of a certain dog to track persons, that was brought to the scene of the burning where the tracks were found, but no proof of trailing by the dog was admitted, and it is not material whether the evidence established the preliminary facts necessary to show that the dog possessed the peculiar faculty of trailing human beings by scent and had been properly trained and tested in the exercise of these qualities to make evidence as to the conduct of the dog in trailing admissible.

(7) The facts testified to by the state's witnesses were sufficient to furnish an inference that the fire that destroyed the house was not accidental, but the result of human agency, of incendiary origin, and therefore afforded the necessary inference to establish the corpus delicti.—*Savage v. State,* 12 Ala. App. 116, 68 South. 498; *Winslow v. State,* 76 Ala. 42; *Granison v. State,* 117 Ala. 22, 23 South. 146.

(8) Threats made by the defendant, or ill will exhibited by him, against the owner or occupant of the burned house, were admissible in evidence for the purpose of showing motive.— *Hinds v. State,* 55. Ala. 145; *Simpson v. State,* 111 Ala. 6, 20 South. 572; *Savage v. State,* 8 Ala. App. 334, 62 South. 999. For this reason, aside from other considerations, the evidence as to the defendant's statements in reference to the still was admissible.

There was evidence affording a reasonable inference that the crime charged had been committed, and of the defendant's guilty

participation in its commission, and the general charge was properly refused.

(9) Charge B requested in writing by the defendant is bad, in that it predicates an acquittal of the defendant unless no other person "could" have done the act. It might well be that another, or others, could have committed the crime, while the defendant did, in fact, commit it. Nor is the state required to prove that no other person could have committed the act constituting the crime.

(10) Charge C has often been condemned as argumentative. —*Smith v. State,* 161 Ala. 94, 49 South. 1029.

(11) Charge D is also bad.—*Bailey v. State,* 168 Ala. 4, 53 South. 296, 390; *Mann v. State,* 134 Ala. 1, 32 South. 704; *Allen v. State,* 134 Ala. 159, 32 South. 318.

Charge E is, in effect, a duplicate of charge A, which we have passed upon as properly refused.

Charge F is substantially a duplicate of charge C, and embodies the vice of that charge.

(12) Charge G invades the province of the jury. There is no absolute duty on the part of the jury as a legal requirement to disregard the entire testimony of witnesses who willfully swear falsely to a material fact, although they may, in their discretion, do so.

(13) Charge H was properly refused on the holding of the Supreme Court in the case of *Ex parte Davis,* 184 Ala. 26, 63 South. 1010, which has since been applied and followed by this court in *Lee Pearson v. State,* 13 Ala. App. 181, 69 South. 485.

(14) Charges I and J are argumentative and otherwise objectionable, as singling out parts of the evidence and giving undue prominence to such portions.

(15) Charge K singles out and gives undue prominence to a part of the evidence.

(16, 17) The verdict of the jury, as originally rendered, was a good and sufficient verdict, and the correction by inserting the place of punishment was immaterial, and could have in no way affected the rights of the defendant, as the law fixes the place of punishment.—Code, §§6295, 7620. Nor was there error in the court's allowing the verdict to be completed and verified by the jury as their verdict after it had been read by the clerk, when it appears that the jury, although discharged, was called back

by the court for the purpose of completing the verdict before leaving the courtroom. See *Lide v. State,* 133 Ala. 43, 53, 31 South. 953; *Wilson v. State,* 128 Ala. 17, 29 South. 569; *Davis v. State,* 8 Ala. App. 147, 62 South. 1027.

We find no error in the record, and the judgment appealed from must be affirmed.

Affirmed.